George H. CHRISTOPHER et al *v.* Horace JONES et al

CA 81-12                                    611 S.W. 2d 521
Supreme Court of Arkansas
Opinion delivered February 16, 1981

*Garza & Garza* and *Arnold, Lavender, Rochelle, Barnette & Franks*, by: *G. William Lavender*, for appellants.

*McMillan, Turner & McCorkle*, by: *H. W. McMillan*, and *Tompkins, McKenzie, McRae & Vasser*, by: *Glenn Vasser*, for appellees.

GEORGE ROSE SMITH, Justice. The appellants seek to obtain a review in the Court of Appeals of a chancery decree upholding the validity of a charitable trust. The Clerk of the courts refused to docket the appeal, finding that the record was tendered too late. This motion for a rule on the Clerk under Rule 5 comes to us for decision under Rule 29 (i). We agree that the record was not tendered until after the expiration of the last valid extension of time granted by the trial judge.

The decree was entered on May 8, 1980, and perhaps modified on June 19. After the notice of appeal was filed on

May 30, the trial judge signed an order extending the time for filing the record on appeal to October 15. A further extension of time, however, was not signed by the trial judge until October 22, a week after the first extension had expired. The present motion for a rule on the Clerk attaches Judge Weisenberger's verified statement that he remembers having verbally granted the extension before October 15 and that the failure to sign the extension until October 22 was an oversight.

The present uncertainty is typical of innumerable instances that arose under our former statute, which provided that the trial judge's extension of time had to be "made" within the time originally allowed or within a previous extension. Act 555 of 1953, § 20. An order is "made" or rendered when it is announced by the judge, but the entry of the order is the clerk's administrative act. *Norfleet* v. *Norfleet*, 223 Ark. 751, 268 S.W. 2d 387 (1954); *McConnell* v. *Bourland*, 175 Ark. 253, 299 S.W. 44 (1927).

When we adopted the Rules of Appellate Procedure, effective July 1, 1979, we sought to avoid the possibilities of uncertainty by stating explicitly in Rule 5 that the extension "must be entered" within the time allowed. Furthermore, the Reporter's Notes to that rule, as revised by the court, point out unmistakably that "the order extending the time must actually be filed prior to the expiration of the time for filing the record, whereas under prior Arkansas law, the order of extension needed only to have been made within the time allowed and not necessarily filed." The responsibility for the timely filing of appeals must rest upon the litigant and his attorney, not upon the trial judge or court reporter. We are unwilling to nullify the positive directive in Appellate Procedural Rule 5 and thereby resurrect the confusion laid to rest by that rule. An extension order must be filed within the specified time.

Rule denied.

DUDLEY, J., not participating.