James CLARK *v.* STATE of Arkansas

711 S.W.2d 162

Supreme Court of Arkansas
Opinion delivered June 30, 1986

*Hanks, Gunn & Borgognoni*, by: *Mary Ann Gunn*, for appellant.

No response by appellee.

PER CURIAM. The judgment of conviction was entered on November 7, 1985. Notice of appeal was filed December 3, 1985. The record was thus due in the clerk's office within ninety days of the filing of the notice of appeal. The record was tendered on June 2, 1986, some three months late.

The appellant's counsel, Mary Ann Gunn, contends the circuit judge entered an order extending the time for filing the record, and she presents his affidavit to that effect. She also presents her own affidavit showing she gave the extension order to her law clerk to file at the clerk's office. She presents her law clerk's affidavit to the effect that he gave the order to a deputy clerk for filing. She does not present the order or a file-marked copy of it.

In similar circumstances we have held we will not permit a record to be filed unless the attorney assumes full responsibility for presenting it late. *Tarry* v. *State*, 288 Ark. 172, 702 S.W.2d 804 (1986). A statement that it was someone else's fault or no one's fault will not suffice. *Moore* v. *State*, 268 Ark. 191, 600 S.W.2d 1 (1980).

If the appellant's attorney files a motion and affidavit in this case accepting full responsibility for not perfecting the appeal, then the motion will be granted. That negligence will be duly noted and a copy of the opinion granting the motion will be forwarded to the Committee on Professional Conduct.