John L. LEWIS *v.* STATE of Arkansas

RC 88-7                                    747 S.W.2d 91

Supreme Court of Arkansas
Opinion delivered March 28, 1988

*G. B. "Bing" Colvin III*, for appellant.

No response.

PER CURIAM. Appellant's attorney of record, G. B. "Bing" Colvin III, has filed on behalf of appellant a motion for rule on the clerk by which he requests that this court find Colvin's failure to timely file the record resulted from unavoidable error or excusable neglect.

Appellant, John L. Lewis, was convicted on July 28, 1987, and the order for entry of judgment and commitment was filed on July 29. Notice of appeal was filed on August 14, and an order

extending for seven months the time for filing the record was entered on November 12.

Rule 5 of the Arkansas Rules of Appellate Procedure provides that the record on appeal shall be filed with the clerk of this court within 90 days of the notice of appeal unless the trial court grants an extension. The order of extension must, however, be entered before the expiration of the 90 day period, and, with exceptions not applicable here, in no event shall the time be extended more than seven months from the date of the entry of the judgment. As such, the record would have been due no later than February 29, 1988.

Colvin's primary contention is that he relied on both oral and written representations by the Clerk of the Desha Circuit Court that the seven month time period ran from the date of notice of appeal and not the date of entry of judgment. We have repeatedly held that the attorney is responsible for filing the record and cannot shift that responsibility to the trial judge or to the court reporter or, in this case, to the clerk of the lower court. *Forrest* v. *State*, 286 Ark. 165, 690 S.W.2d 1 (1985); *Christopher* v. *Jones*, 271 Ark. 911, 611 S.W.2d 521 (1981). Under the circumstances presented here, we will not permit the record to be filed unless the attorney assumes full responsibility for presenting it late. *Tarry* v. *State*, 288 Ark. 172, 702 S.W.2d 804 (1986). A statement that it was someone else's fault or no one's fault will not suffice. *Moore* v. *State*, 268 Ark. 191, 609 S.W.2d 894 (1980).

If appellant's attorney files a motion and affidavit in this case accepting full responsibility for not perfecting the appeal and admits that the record was tendered late due to a miscalculation of the seven-month maximum limit for filing the record, then the motion will be granted. *McKimm* v. *State*, 294 Ark. 208, 742 S.W.2d 114 (1988); *Robbins* v. *State*, 287 Ark. 199, 697 S.W.2d 118 (1985); *Gibson* v. *State*, 272 Ark. 345, 614 S.W.2d 234 (1981). The attorney's negligence will be duly noted, and a copy of the opinion granting the motion will be forwarded to the Committee on Professional Conduct.