Bilal Ali SALAM, a/k/a Kevin Andre Robinson *v.* STATE of Arkansas

RC 89-61                                                      781 S.W.2d 30

Supreme Court of Arkansas
Opinion delivered December 11, 1989

*Daivd Hodges*, for petitioner.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for respondent.

PER CURIAM. The petitioner was convicted on July 2, 1981, of rape and attempted rape and sentenced to consecutive terms of imprisonment of fifty and twenty years. This court affirmed. *Robinson* v. *State*, 275 Ark. 473, 631 S.W.2d 294 (1982). On October 21, 1981, he was convicted of a second count of rape and sentenced to twenty-five years imprisonment to be served consecutively to the earlier two sentences. The Court of Appeals affirmed. *Robinson* v. *State*, CACR 82-15 (August 25, 1982). On November 19, 1981, he was convicted of attempted rape and sentenced to an additional consecutive term of twenty-five years imprisonment. No appeal was taken from this last conviction.

Petitioner exhausted his state remedies and filed petitions for writs of habeas corpus in federal court pursuant to 28 USC § 2254 challenging the convictions of July 2 and October 21, 1981. According to the brief filed by petitioner's counsel in the Eighth Circuit Court of Appeals, the issue of whether petitioner was denied his right to appeal the November 19, 1981 conviction due to ineffectiveness of counsel was not raised in the initial petitions. Nevertheless, it was determined by the federal court that the

November conviction was covered by the habeas corpus proceedings in federal district court where Judge Eisele found that counsel had "completely abdicated his responsibility to represent petitioner on appeal." Judge Eisele concluded that the petitioner should be afforded the opportunity to take a direct appeal of the November conviction for attempted rape and that in the event the state failed to afford him such an opportunity, the writ of habeas corpus would issue vacating the conviction. The order of the federal district court, which should be entered shortly, will direct the state to allow petitioner to file a belated direct appeal of his conviction within one hundred twenty days or the writ will issue. In all other respects, relief was denied by the federal court. The state has now joined with counsel for petitioner in requesting a belated appeal of the November 19, 1981 conviction for attempted rape.[1]

■ Although petitioner's counsel, Mr. David Hodges, has not been formally appointed by this court, in connection with present state proceedings, we now appoint him for that purpose. Before granting any belated appeal, however, we remand this case to the trial court for an evidentiary hearing on whether the petitioner waived his right to appeal the November 19, 1981 conviction. We remand this matter recognizing that the federal district court apparently held a hearing on this issue and concluded the petitioner was entitled to a belated appeal. However, we have nothing before us that reflects whether petitioner waived or did not waive an appeal regarding the attempted rape conviction. Therefore, we direct the trial court to conduct its own evidentiary hearing concerning the waiver issue. At the conclusion of that hearing, the court is directed to make its findings and conclusions and to have the record on this issue transcribed, certified and returned to this court for review. The hearing, the court's findings, and the record shall be held, entered and filed within sixty days from the date of this per curiam. After the filing of the record with this court, we will then instruct both the

---

[1] After the Eighth Circuit Court of Appeals affirmed the District Court's finding that the petitioner had been denied his constitutional right to a belated appeal, there was really no practical advantage in the state's filing a petition for writ of certiorari to the United States Supreme Court since the issue was essentially a fact question; the law is well settled on the right to effective assistance of counsel on appeal.

petitioner's counsel and the state on whether briefing and arguments are necessary on the issue of waiver. Upon resolution of that issue, this court will promptly make a determination as to whether or not a belated appeal will be granted.