Douglas Wayne EASTER *v.* STATE of Arkansas

RC 89-66                                     815 S.W.2d 391

Supreme Court of Arkansas
Opinion delivered September 25, 1991

*Maxie G. Kizer*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Olan W. Reeves*, Senior Asst. Att'y Gen., for appellee.

PER CURIAM. The motion for belated appeal is granted.

DUDLEY, GLAZE, and CORBIN, JJ., dissent.

TOM GLAZE, Justice, dissenting. In a per curiam dated February 8, 1988, this court outlined the pertinent facts of what occurred in this case after Douglas Easter was found guilty of aggravated robbery and sentenced to twenty years imprisonment. Easter perfected no appeal, but later filed a motion with this court to allow him a belated appeal because his retained attorney, Charles L. Honey, had failed to perfect an appeal even though

Easter had requested Honey to do so. In response to Easter's motion, Honey filed his response and affidavit stating he had advised both Easter and his family of his right to appeal. In our per curiam, we summarized Honey's version of his communication with Easter and his family as follows:

> After he informed Easter that the appeal would cost $2,500 plus the cost of the transcript, Easter elected not to proceed with an appeal. Honey also states in his affidavit that he informed Easter that if he was unable to afford an appeal, he would ask to be relieved as counsel so that Easter could ask the trial court to appoint an attorney to represent him on appeal at public expense. Honey contends that Easter held fast to his decision not to appeal even after being informed that he could apply to the trial court for indigent status.

Because a conflict arose in Easter's and Honey's versions about whether Easter had waived his right to appeal, we remanded the factual issue to the trial court. This court recognizes that it is the trial court's task to assess the credibility of witnesses and resolve conflicts of fact. *See Allen* v. *State,* 277 Ark. 380, 641 S.W.2d 710 (1982). The trial court resolved the issue, finding Easter had knowingly, intelligently and voluntarily waived his right to appeal. Based on that factual resolution, this court denied Easter's motion for a belated appeal.

Easter later filed a *habeas corpus* petition in the United States District Court, Eastern District, Pine Bluff, and alleged ineffective assistance of counsel. The federal magistrate judge agreed with the state trial court and found that the state court's finding of fact after an evidentiary hearing was presumed to be correct. *See* 28 USC § 2254(d). The magistrate recommended dismissal of Easter's petition. The federal district court rejected the magistrate's recommendation and disagreed that the state court's findings should be presumed correct because the record did not show the trial court informed Easter of his right to appeal. The federal district court is wrong on this point.

At the evidentiary hearing before the state court, Honey testified that the trial judge told Easter he had thirty days to perfect an appeal and Easter agreed, saying, "I think [the judge] said something like that." Easter was asked also whether the

judge was on the bench when the judge told him he had thirty days to appeal and Easter responded, "Yes, sir, he could have."[1]

Regardless of whether the trial judge informed or did not inform Easter of his right to appeal, the record is replete with evidence that he was fully aware of his appeal rights. He admitted this knowledge in his handwritten motion seeking a belated appeal, and conceded that he discussed his desire to appeal on the day he was sentenced. Nonetheless, after Honey told Easter that he would handle his appeal for a fee of $2,500, Easter never discussed the appeal again with Honey. It is settled law that an attorney is not required to perfect an appeal when the petitioner who is aware of his appeal rights stands silent. *Davis* v. *State*, 293 Ark. 203, 736 S.W.2d 281 (1987); *Munn* v. *State*, 278 Ark. 283, 644 S.W.2d 945 (1983).

In my view, the state trial court's findings and decision were amply supported by the record, and the federal district court is clearly wrong in ignoring those findings. Easter knew he had thirty days to lodge an appeal. He also knew he could petition for appointed counsel if he could not pay his retained attorney's proposed fee. Yet, neither Easter nor his family did anything. Our case law clearly reflects Easter, by standing silent, waived his right of appeal. In my view, the federal district court is wrong in making its own findings in this case and ruling Easter should be freed if his belated appeal is not granted.

DUDLEY and CORBIN, JJ., join this dissent.

---

[1] Apparently, the federal district court found this testimony in conflict with the sentencing transcript which did not include the trial judge's admonition that Easter had thirty days to appeal. If so, I can find nothing in the record where the court attempted to settle the record to determine why this conflict exists.