Rodney McDUFFIE *v.* STATE of Arkansas

RC 90-52                                                826 S.W.2d 809

Supreme Court of Arkansas
Opinion delivered January 6, 1992

*John Wesley Hall, Jr., P.A.,* by: *Craig Lambert,* for appellant.

*Winston Bryant,* Att'y Gen., by: *T. Jeff Vining,* Asst. Att'y Gen., for appellee.

PER CURIAM. On August 6, 1990, attorney John W. Hall filed a motion in this court for a belated appeal on behalf of Rodney McDuffie on the ground that attorney Chris Mercer, who

represented McDuffie at trial, had failed to file a timely notice of appeal from McDuffie's conviction for possession with intent to deliver cocaine. The motion alleged that after the expiration of the time for filing notice of appeal, McDuffie hired Mr. Hall, paid a retainer and although he at all times desired to appeal his conviction no notice of appeal was ever filed.

This court remanded to the Circuit Court of Pulaski County to conduct an evidentiary hearing to determine whether Rodney McDuffie was entitled to a belated appeal based on ineffective assistance of counsel. The trial court concluded from that hearing that the Hall Law Firm had been contacted on May 31, 1990, and McDuffie had timely paid the firm to handle his appeal, notice of which could have been filed on or before June 24, 1990. The trial court also found that Mr. Mercer had not been relieved and had a continuing duty as trial counsel to file an appeal in McDuffie's behalf.

On February 11, 1991, this court sustained the findings of the trial court by granting a belated appeal conditioned upon the submission of an affidavit from the Hall Law firm acknowledging that the failure to file notice of appeal was attributable to counsel's omission. *In Re: Belated Appeals in Criminal Cases*, 265 Ark. 964 (1979). The Hall Law Firm moved to reconsider and to supplement the record and, when these motions were denied, applied to the United States District Court for a writ of habeas corpus. The Magistrate Judge determined that Rodney McDuffie did not receive effective assistance of counsel in connection with his undisputed wish to appeal, that Mr. Mercer, as unrelieved trial counsel, was obligated under Ark. R. Crim. P. 36.26 to file notice of appeal, that Mr. Hall, on the other hand, accepted $700 on May 31, 1990, toward an agreed retainer of $1,000, that while Mr. Hall made it clear that the full retainer was required before he was under a duty to act, he accepted seventy percent and was accordingly under some obligation to avoid a procedural default in the appeal process, commenting:

> The filing of a notice of appeal, while critical, is not time consuming or difficult. Mr. Hall made no attempt to determine and monitor the notice deadline. Nor did he coordinate with Mr. Mercer to make sure Petitioner McDuffie's appeal rights were not lost.

This could be said to be one of those unfortunate situations where no one is at fault and everyone is at fault. Without attempting to apportion blame, it is the opinion of the court that collectively, the attorneys' actions were deficient and fell below the standard of effective representation as outlined in *Strickland* v. *Washington*, 466 U.S. 668 (1984).

Pursuant to those findings the Magistrate Judge concluded that Rodney McDuffie's Sixth Amendment rights were violated and that if an appeal were not granted by the State of Arkansas within sixty days a writ of habeas corpus should issue.

We concur in the veiw that Rodney McDuffie is entitled to a belated appeal and that the failure to perfect the appeal is attributable to the attorneys involved, that is to say, that neither can avoid responsibility by assuming it was the duty of the other to act. We agree as well that the refusal of John W. Hall to shoulder the responsibility for the default should not deprive Rodney McDuffie of the right to appeal, which we hereby grant. A copy of this order shall be forwarded to the Committee on Professional Conduct.