Albert MARTIN, JR. *v.* STATE of Arkansas

CR 92-1146                                    839 S.W.2d 520

Supreme Court of Arkansas
Opinion delivered October 19, 1992

*Robert P. Remet,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Jeff Vining,* Asst. Att'y Gen., for appellee.

PER CURIAM. In 1987 Albert Martin, Jr., was found guilty by a jury of aggravated robbery and sentenced to forty years imprisonment. No appeal was taken. Martin did not seek a belated appeal from this court within eighteen months of the date of judgment as required by Criminal Procedure Rule 36.9. Petitioner subsequently filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court in which he contended that his counsel at trial was ineffective for failing to perfect an appeal. The district court concluded that Martin had not been afforded effective assistance of counsel under federal law and entered an order stating that a writ of habeas corpus would issue unless this court granted Martin a belated appeal.

Now before us is a motion for belated appeal filed by the State. Martin by counsel has responded that he was aware of his trial attorney's failure to perfect an appeal within time to file a timely motion for belated appeal under Criminal Procedure Rule 36.9 but that he did not do so. He further states that he has not requested a belated appeal and that he does not desire an appeal. Martin urges this court to deny the state's motion.

This court has granted a belated appeal on the state's motion in similar cases where the federal court concluded that a writ of habeas corpus would issue on the ground that the petitioner had been denied effective assistance of counsel for failure to perfect an appeal if this court declined to permit a belated appeal.[1] *McDuffy* v. *State,* 307 Ark. 518, 826 S.W.2d 518 (1992); *Easter* v. *State,* 306 Ark. 517, 815 S.W.2d 391 (1991). In those cases the permission to proceed with a belated appeal was

---

[1] This court remanded the state's motion for belated appeal to the trial court for an evidentiary hearing in *Salam* v. *State,* 300 Ark. 630, 781 S.W.2d 30 (1989), where the record before this court did not reflect whether the petitioner had waived his right to appeal. It was subsequently determined that the petitioner had not waived his appeal right and the state's motion was granted. *Salam* v. *State,* 301 Ark. 347, 783 S.W.2d 63 (1990).

based on this court's desire to extend the right to appeal to a convicted defendant *who desired an appeal*. Here, Martin has stated categorically that he was well aware of counsel's failure to perfect an appeal and that he elected to not proceed with a timely motion for belated appeal in this court. Martin further states that he does not now desire an appeal. We surely would permit the appeal to satisfy the United States District Court's order, but Martin has now clearly waived the right to appeal.

Motion denied.