Franklin Allen ROWE *v.* STATE of Arkansas

CR 94-261                                    872 S.W.2d 847

Supreme Court of Arkansas
Opinion delivered March 28, 1994

*Gene O'Daniel*, for appellant.

No response.

PER CURIAM. On July 28, 1993, Franklin Allen Rowe entered a guilty plea for possession of marijuana with intent to deliver and a conviction judgment was entered the same date. No timely notice of appeal was filed from that judgment. Rowe did, however, file a motion to withdraw his guilty plea on August 24, 1993, and on September 8, 1993, a hearing was held on that motion. The trial court orally denied Rowe's motion on September 8, but its order was not filed until December 21, 1993. Rowe filed a notice of appeal on October 7, 1993 from the trial court's oral ruling on September 8, instead of filing a notice after entry of the written order on December 21. In sum, Rowe did not appeal from the conviction judgment of July 28, and the notice of appeal he did file was premature to the December 21 written order, denying withdrawal of his plea. Rowe's transcript was also untimely tendered to this court since he waited too late to seek a timely extension.

This court has held that we will grant a motion for rule on the clerk when the attorney admits that the record was not timely filed due to an error on his part. *See, e.g., Tarry* v. *State*, 288 Ark. 172, 702 S.W.2d 804 (1986). Here, the attorney does not admit fault on his part, but instead implies that there was

a misunderstanding. He also claims that the December 21 order was never sent to him and if it had, he would have filed another notice of appeal. We have held that a statement that it was someone else's fault or no one's fault will not suffice. *Clark* v. *State*, 289 Ark. 382, 711 S.W.2d 162 (1986). Therefore, the petitioner's motion must be denied.

The appellant's attorney shall file within thirty days from the date of this per curiam a motion and affidavit in this case accepting full responsibility for not timely filing the transcript, and upon filing same, the motion will be granted and a copy of the opinion will be forwarded to the Committee on Professional Conduct.