Louis IVORY *v.* STATE of Arkansas

CR 94-285                                873 S.W.2d 154

Supreme Court of Arkansas
Opinion delivered April 11, 1994

*Bill R. Holloway*, for appellant.

No response.

PER CURIAM. Appellant seeks a rule on the clerk. The facts are that appellant was convicted of two felonies and one misdemeanor. The judgment of convictions was entered on May 19, 1993. On June 3, 1993, his notice of appeal was filed. The notice of appeal does not mention either his being an indigent or his tendering the funds to the court reporter for the record. On the same day, June 3, 1993, he filed a motion asking to be declared an indigent. On July 13, 1993, the trial court denied the motion, in part, because appellant owns unencumbered real estate having a fair market value of $40,000. On July 14, the trial court granted an extension of seven months for the docketing of the record on appeal. Appellant tendered the record to the clerk on March 10, 1994. Thus, the record was not tendered within seven months from the date of the entry of the judgment of convictions, and the clerk correctly refused to file the record.

We will grant a motion for rule on the clerk when

appellant's attorney admits that the record was not timely filed due to an error on his part. *See, e.g., Tarry* v. *State*, 288 Ark. 172, 702 S.W.2d 804 (1986). Here, appellant's attorney does not admit fault, but states that there was a misunderstanding. A statement that it was someone else's fault will not suffice. *Clark* v. *State*, 289 Ark. 382, 711 S.W.2d 162 (1986). Therefore, we deny the petition.

If appellant's attorney files a motion and affidavit, within thirty days of the date of this order, accepting full responsibility for not timely filing the record the motion will be granted and a copy of the opinion will be forwarded to the Committee on Professional Conduct.