Dinzel NORMAN *v.* STATE of Arkansas

CR 95-361                                   896 S.W.2d 874

Supreme Court of Arkansas
Opinion delivered April 24, 1995

*George J. Stone*, for appellant.

No response.

PER CURIAM. Appellant was convicted on September 6, 1994, of conspiracy to manufacture a controlled substance, methamphetamine, and manufacturing a controlled substance, marijuana. His notice of appeal was filed on September 27, 1994. On December 13, 1994, the Circuit Court of Newton County extended the time for filing the record until March 27, 1995. The record was tendered to the clerk's office after the extended time for filing had lapsed.

The appellant has filed a motion for rule on the clerk to compel the clerk's office to accept the record. In his motion, appellant states the reason the record was tendered late is that the Newton County Clerk's Office failed to turn the transcripts over to appellant's attorney or to file them themselves.

This court has held that we will grant a motion for rule on the clerk when the attorney admits that the record was not timely filed due to an error on his part. *See e.g., Tarry* v. *State*, 288 Ark. 172, 702 S.W.2d 804 (1986). Here, the attorney does not admit fault on his part but instead implies the Newton County Circuit Clerk's Office failed to turn the transcripts over to him or to file it themselves. We have held that a statement that it was someone else's fault or no one's fault will not suffice. *Clark* v. *State*, 289 Ark. 382, 711 S.W.2d 162 (1986). Therefore, appellant's motion must be denied.

The appellant's attorney shall file within thirty days from the date of this per curiam a motion and affidavit in this case accepting full responsibility for not timely filing the transcript, and upon filing same, the motion will be granted and a copy of the opinion will be forwarded to the Committee on Professional Conduct.