Dinzel NORMAN *v.* STATE of Arkansas

CR 95-361                                916 S.W.2d 724

Supreme Court of Arkansas
Opinion delivered February 12, 1996

*George Stone*, for appellant.

No response.

PER CURIAM. Appellant Dinzel Norman was found guilty by a jury of conspiracy to manufacture a controlled substance and manufacture of a controlled substance in September 1994. A timely notice of appeal was filed by his appointed attorney George Stone on September 27, 1994. On December 13, 1994, the circuit court extended the time for filing the record until March 27, 1995.

Mr. Stone did not tender the record to this court until March 30, 1995. Mr. Stone subsequently filed a motion for rule on clerk in which he contended that the circuit clerk was at fault in the late tender of the record. We denied the motion and directed that Stone file by May 24, 1995, a motion accepting full responsibility for the untimely tender of the record. *Norman v. State*, 320 Ark. 344, 896 S.W.2d 874 (1995). Stone did not file the motion.

On January 25, 1996, appellant filed the pro se motion and

amended motion for rule on the clerk which are now before us. He argues that he has been denied effective assistance of counsel and his constitutional right to appeal by counsel's conduct. We agree.

While an appellant may waive a direct appeal of a judgment of conviction by failing to inform his attorney of his desire to appeal within the time provided for filing a notice of appeal, it is clear that the appeal would have been perfected in this case had it not been for the failure of counsel to admit fault where it was evident from the motion for rule on the clerk that the attorney did not render effective assistance of counsel.

The attorney's contention that the circuit clerk was somehow responsible for the failure to perfect the appeal was in error. We have consistently held that the appellant's attorney is responsible for filing the record, not the trial judge, the court reporter, or, as was claimed in this case, the circuit clerk. *Lewis* v. *State*, 295 Ark. 165, 747 S.W.2d 91 (1988). Here, the attorney compounded his error in not filing the record by not accepting fault for the untimely tender of the record. His inaction has left the appellant in the position of having an attorney-of-record since Stone has never been relieved from his responsibility in the case but having no representation.

The direct appeal of a conviction is a matter of right, and a state cannot penalize a criminal defendant by dismissing his first appeal as of right when his appointed counsel has failed to follow mandatory appellate rules. *Evitts* v. *Lucey*, 469 U.S. 387 (1985). To cut off a defendant's right to appeal because of his attorney's ineffectiveness would violate the sixth amendment right to effective assistance of counsel. *Evitts* v. *Lucey*, 469 U.S. 387; see also *Pennsylvania* v. *Finley*, 481 U.S. 551 (1987).

Appellant asks that an attorney other than George Stone be appointed to represent him on appeal on the ground that Stone has failed to perfect the appeal. The fact that Stone elected to abandon the appeal, however, is not in itself cause to relieve him of his responsibility to provide appellant with effective assistance of counsel in the appeal. Stone is the attorney most familiar with the case, and thus in the best position to prepare the appellant's brief, and should be required to do so.

■ The pro se motion for rule on clerk is granted. The clerk is directed to lodge the record, and George Stone is directed to file the appellant's brief within forty days of the date of this opinion.

George Stone shall be directed by separate Per Curiam order to appear before this court on February 26, 1996, at 9:00 a.m. and show cause why he should not be held in contempt for failure to file the appellant's brief in accordance with our Per Curiam opinion of April 24, 1995.

A copy of this opinion shall be forwarded to the Committee on Professional Conduct.

Motion and amended motion granted in part and denied in part.