Dan MORRISSEY *v.* STATE of Arkansas

CR 96-245                                        917 S.W.2d 167

Supreme Court of Arkansas
Opinion delivered March 18, 1996

*J. Blake Hendrix*, for appellant.

No response.

PER CURIAM. Appellant Dan Morrissey was convicted in a bench trial in 1994 of attempted rape and sentenced to seven years imprisonment; no appeal was taken. Morrissey has filed a timely motion for belated appeal. *See* Rule 2(e) of the Revised Rules of Appellate Procedure — Criminal; A.R.Cr.P. Rule 36.9 (predecessor of Rule 2(e)). When a good reason for the omission is shown by affidavit, this Court may act upon and decide a case in which the notice of appeal was not given. Rule 2(e) of the Revived Rules of Appellate Procedure — Criminal; A.R.Cr.P. Rule 36.9 (superseded); *see also Davis* v. *State*, 319 Ark. 171, 889 S.W.2d 769 (1994) (decided under A.R.Cr.P. Rule 36.9).

In the instant case, Morrissey contends his failure to file a

timely notice of appeal was predicated on erroneous advice by his trial counsel. Morrissey's affidavit states that he strongly expressed to his trial counsel his desire to appeal. However, according to the affidavit, Morrissey's counsel informed him that he stood the risk of being again charged with rape, rather than only attempted rape, where he could face a life sentence. Morrissey also submits he was advised that appealing his sentence would be futile because he would go before the same judge. Morrissey avers that his trial counsel did not advise him that the trial judge could sentence him to a harsher sentence only if some additional conduct had occurred since the sentencing.

■ In sum, Morrissey submits that his trial counsel's advice constituted ineffective assistance of counsel and such a reason constitutes good cause for the failure to file a notice of appeal. Morrissey's trial counsel, Ed Webb, has not responded to the motion. However, there is no indication that Mr. Webb was ever served with a copy of the motion. Consequently, we remand this case to the trial court for an evidentiary hearing and Findings of Fact and Conclusions of Law on the question of whether Morrissey knowingly waived his right to appeal the conviction. *See Salam v. State*, 300 Ark. 630, 781 S.W.2d 30 (1989).