Larry RAYFORD *v.* STATE of Arkansas

CR 96-428                                            920 S.W.2d 839

Supreme Court of Arkansas
Opinion delivered May 6, 1996

*John F. Gibson, Jr.*, for appellant.

No response.

PER CURIAM. The Clerk of the Court refused to docket this case when the record was presented on April 2, 1996. Appellant's counsel, John F. Gibson, Jr., filed this motion on behalf of his client asking that the record be accepted, despite its being tendered more than two years after final judgment was entered. We deny the motion at this time.

The grounds set forth in support of the motion are: 1) the trial court erroneously extended the time for preparing the transcript

beyond the seven-month period allowed by Ark. R. App. P. 5(b), and 2) the appellant was indigent and could not afford the cost of the transcript. The record reflects that on February 17, 1994, Rayford's motion for a new trial was denied and a final judgment entered. Notice of appeal was timely filed on March 17, 1994. On May 6, 1994, counsel filed a motion for an extension of time in which to file the transcript. The motion did not specify an extension date, but asked for "the full seven months allowed." A timely order was entered on May 26, 1994, which extended the time for filing the transcript until October 17, 1994. That date was one month beyond the time allowed by Ark. R. App. P. 5(b), which specifies that:

> In no event shall the time [for filing the record on appeal] be extended more than seven (7) months from the date of the entry of the judgment, decree or order. . .

It appears that the seven months was erroneously calculated from the date that notice of appeal was filed, rather from the date that judgment was entered.

■■ We have consistently held that the appellant's attorney is responsible for filing the record, not the trial judge or other court personnel. *Norman v. State*, 323 Ark. 447, 916 S.W.2d 724 (1996); *Parrish v. State*, 313 Ark. 313, 853 S.W.2d 284 (1993). An attorney must admit fault or show other good cause before a rule on the clerk is granted.

It is also contended in this case that the appellant's indigency prevented him from paying for a timely prepared transcript. The record reveals that as early as July 14, 1994, court reporter Michael Ashcraft notified appellant's counsel that he had received neither a deposit nor an order of indigency to allow him to begin preparation of the transcript. Another notification followed in August. Finally, on December 20, 1994, after a certificate of no appeal had been issued by the clerk of this court, a hearing was requested *by the prosecution* and the appellant declared indigent. At the same hearing, the court re-appointed John Gibson to pursue any remedies that might be available for a belated appeal. However, it was not until October of 1995 that an order to this effect was entered, and then only after inquiries by the court reporter and the appellant himself. Once the order was entered, the court reporter began preparation of the transcript. It was prepared on Friday, March 29, 1996, and

tendered to our clerk the following Tuesday, April 2, 1996.

██ Under the circumstances of this case, we cannot grant the relief requested. The appellant's attorney shall file within thirty days of the date of this *per curiam* a motion and affidavit in this case accepting full responsibility for not timely filing the transcript, and, upon filing same, the motion will be granted and a copy of the opinion will be forwarded to the Committee on Professional Conduct.