Robert WATSON *v.* STATE of Arkansas

CR 96-425                                    920 S.W.2d 840

Supreme Court of Arkansas
Opinion delivered May 6, 1996

*John F. Stroud, III,* for appellant.

No response.

PER CURIAM. Appellant Robert Watson asks this Court to

grant a writ of certiorari to complete the record in his case. We deny the writ.

Watson was convicted of delivery of a controlled substance and sentenced to thirty years imprisonment. The judgment and commitment order was entered on September 7, 1995, and the notice of appeal was filed on September 26, 1995. The time to file the record was extended by the trial court to April 6, 1996, which was a Saturday. On Monday, April 8, 1996, Watson filed a partial record with the Clerk and filed this petition for writ of certiorari for complete record. In his petition, Watson states:

> the Court Reporter, Betty Voltz, has indicated that she cannot have the record completed prior to April 6, 1996. Due to an administrative oversight caused by the lengthy illness of Judge Purifoy, which resulted in his office being closed for several months, the preparation of the transcript in this matter has not been completed due to the lack of timely notice but, given an additional 30 days, she will be able to do so. A copy of her Affidavit is hereto attached.

The affidavit of Ms. Betty J. Voltz provides:

> I, Betty J. Voltz, Official Court Reporter for the Eighth Circuit and Chancery District of Arkansas, state that due to an administrative oversight caused by the lengthy illness of Judge Philip Purifoy, which resulted in his office being closed for several months, the preparation of the transcript in State of Arkansas v. *Robert Watson, Lafayette County Case. No. CR-92-50-3 has not been completed due to my lack of timely notice of the need for preparation of this transcript* and that the aforementioned appeal transcript can be completed and filed with the Clerk by the 6th day of May, 1996.

(Emphasis supplied.)

Rule of Appellate Procedure 3(e) provides in part that "[t]he notice [of appeal] *shall* also contain a statement that the transcript, or specific portions thereof, have been ordered by the appellant." (Emphasis supplied.) Thus, Watson should have immediately ordered the reporter's transcript. *Jacobs* v. *State*, 321 Ark. 561, 906 S.W.2d 670 (1995). However, there is no indication in the partial record filed that this was done.

■ On December 4, 1995, the trial court entered an order

granting Watson "the maximum length of time until April 6, 1996, to lodge the transcript with the Arkansas Supreme Court." Rule of Appellate Procedure 5(a) provides that the record on appeal shall be filed with the Clerk of the Supreme Court within ninety days from the filing of the notice of appeal. However, the trial court, upon finding that a reporter's transcript of evidence or proceedings has been order by appellant, and upon a further finding that an extension is necessary for the inclusion in the record of evidence or proceedings stenographically reported, may extend the time for filing the record on appeal. Ark. R. App. P. 5(b). In the instant case, neither the partial record filed nor the trial court's order extending the time to file the record indicates that the trial court made a finding that the transcript had been ordered. *See Jacobs* v. *State, supra.*

■ We have consistently held that the appellant's attorney is responsible for filing the record, not the trial judge, the court reporter, or the circuit clerk. *Norman* v. *State,* 323 Ark. 447, 916 S.W.2d 724 (1996). The appellant's attorney shall file within thirty days from the date of this per curiam a motion and affidavit in this case accepting full responsibility for not timely filing the transcript, and upon filing same, the motion will be granted and a copy of the opinion will be forwarded to the Committee on Professional Conduct.

Writ denied.