Johnny COOK *v.* STATE of Arkansas

CR 96-1507                                937 S.W.2d 641

Supreme Court of Arkansas
Opinion delivered January 27, 1997

*George Keith Watkins,* for appellant.

No response.

PER CURIAM. Keith Watkins, attorney for Appellant Johnny Cook, has filed a motion on behalf of Cook for rule on clerk. For the reasons stated below, we deny the motion.

An order for judgment and commitment was entered in Independence County Circuit Court against Appellant on May 7, 1996. Notice of appeal was filed on May 30, 1996. An order extending the time to file the record until October 31, 1996, was entered on August 23, 1996. Another order extending the time to file the record until December 15, 1996, was entered October 22, 1996.

The record was received by the clerk of this court on December 11, 1996, and the clerk refused to docket the appeal because the record was not timely filed. Rule 5 of the Arkansas Rules of Appellate Procedure—Civil, made applicable to criminal cases pursuant to Rule 4 of the Arkansas Rules of Appellate Procedure—Criminal, provides that the record on appeal shall be filed with the clerk of this court within ninety days of the notice of appeal unless the trial court grants an extension. The order of extension must, however, be entered before the expiration of the ninety-day period, and, with exceptions not applicable here, in no event shall the time be extended more than seven months from the date of the entry of the judgment. As such, the record would have been due no later than December 7, 1996. Thus, the trial court was without authority to extend the time to file the record beyond December 7, 1996, seven months from the date the judgment was entered.

In support of Appellant's motion for rule on clerk, Watkins alleges by motion, without admitting fault, that he tendered the record timely by mailing it priority mail through the United States Postal Service on December 4, 1996. Watkins attached to the motion a receipt from the United States Postal Service confirming this allegation. Watkins alleges further, by motion, that the record should have been delivered by priority mail to the clerk's office on December 6, 1996.

We have repeatedly held that the attorney is responsible for filing the record and cannot shift that responsibility to the trial judge, to the court reporter, or to the clerk of the lower court. *Lewis v. State*, 295 Ark. 165, 747 S.W.2d 91 (1988) (per curiam) (citing *Forrest v. State*, 286 Ark. 165, 690 S.W.2d 1 (1985) (per curiam), and *Christopher v. Jones*, 271 Ark. 911, 611 S.W.2d 521

(1981)). Here, Watkins attempts to shift his responsibility to the United States Postal Service. Moreover, he offers no good cause to grant this motion since this transcript was not received in the clerk's office until Thursday, December 11, 1996, four days past the Saturday deadline of December 7, 1996. *See, e.g., Wallis v. State*, 245 Ark. 29, 430 S.W.2d 860 (1968). Under the circumstances presented here, we will not permit the record to be filed unless Watkins assumes full responsibility for presenting it late. *Lewis*, 295 Ark. 165, 747 S.W.2d 91. A statement that it was someone else's fault or no one's fault will not suffice. *Id.*

■ Watkins shall file within thirty days from the date of this per curiam a motion and affidavit in this case accepting full responsibility for not timely filing the transcript. Upon such filing, the motion for rule on clerk will be treated as one for belated appeal and granted. *See In Re: Belated Appeals in Criminal Cases*, 265 Ark. 964 (1979) (per curiam).