Excel WARREN *v.* STATE of Arkansas

CR 97-166                                   938 S.W.2d 857

Supreme Court of Arkansas
Opinion delivered March 10, 1997

*Zimmery Crutcher,* for appellant.

No response.

PER CURIAM. Petitioner, Excel Warren, by his attorney, Zimmery Crutcher, has filed a motion for rule on the clerk or alternatively a motion for dismissal. Appellant received a guilty verdict on July 3, 1996, and filed a notice of appeal on July 18, 1996. However, judgment was not entered until December 18, 1996. The clerk refused to accept the record in this case on January 16, 1997, because the judgment was filed after the notice of appeal. Under our rules the notice of appeal was of no effect. Ark. R. App. P. 4; *Kelly v. Kelly,* 310 Ark. 244, 835 S.W.2d 249 (1991).

We will treat petitioner's motion as one for a belated appeal and will grant the motion upon counsel's admission of error in failing to perfect the appeal. *See e.g., Tarry v. State,* 288 Ark. 172, 702 S.W.2d 804 (1986). Here, the attorney does not admit fault on his part, but instead implies fault on behalf of the State (or perhaps some unnamed third party). We have held that a

statement that it was someone else's fault or no one's fault will not suffice. *Clark v. State.* 289 Ark. 382, 711 S.W.2d 162 (1986). Therefore, the motions must be denied.

The appellant's attorney shall file within thirty days from the date of this per curiam a motion and affidavit in this case accepting full responsibility for not timely filing the notice of appeal. Upon filing same, the motion will be granted and a copy of the opinion will be forwarded to the Committee on Professional Conduct.