Perry GUYNN *v.* STATE of Arkansas

CR 98-278                                        961 S.W.2d 35

Supreme Court of Arkansas
Opinion delivered March 26, 1998

*Jack R. Kearney*, for appellant.

No response.

PER CURIAM. Appellant was convicted on August 13, 1997, of possession of a controlled substance with intent to deliver, possession of drug paraphernalia, and manufacture of a controlled substance. He filed a notice of appeal on September 4, 1997, but the court's judgment and commitment order was not entered until October 6, 1997. On November 11, 1997, the Pulaski County Circuit Court granted the appellant an extension to file the record on or before March 3, 1998, and the record was tendered on March 2, 1998. Obviously, because the notice of appeal was filed prematurely, any extension to file the record was improper.

The appellant has filed a motion for belated appeal to compel the clerk's office to accept the record. In his motion, appellant states the reason the record was tendered late is that the "defendant and counsel were unaware that their notice of appeal and designation of record had preceded the filing of the judgment and commitment order."

This court has held that we will grant a motion for belated appeal when the attorney admits that the notice of appeal was untimely filed due to an error on his part. *See In Re: Belated*

*Appeals in Criminal Cases,* 265 Ark. 964 (1979) (per curiam). Here, the attorney does not admit fault on his part. We have held that a statement that it was someone else's fault or no one's fault will not suffice. *Clark v. State,* 289 Ark. 382, 711 S.W.2d 162 (1986). Therefore, appellant's motion must be denied.

The appellant's attorney shall file within thirty days from the date of this per curiam a motion and affidavit in this case accepting full responsibility for the untimely filing of the notice of appeal. Upon filing same, the motion will be granted and a copy of the opinion will be forwarded to the Committee on Professional Conduct.