David Bruce JONES *v.* STATE of Arkansas

CR 99-320                                                   988 S.W.2d 496

Supreme Court of Arkansas
Opinion delivered April 15, 1999

*Larry W. Horton*, for appellant.

No response.

P ER CURIAM. On March 12, 1999, the record was tendered to the clerk's office for filing. It was not accepted because the time for filing had exceeded seven months from the date of judgment. Counsel for the appellant moved the Circuit Court of Hot Spring County, Arkansas, for additional time to lodge the transcript, and was granted additional time to March 16, 1999, to file the transcript. The record was again tendered to the clerk's office on March 19, 1999, after the extended time for filing had lapsed.

The appellant has filed a motion for rule on the clerk to compel the clerk's office to accept the record. In his motion, appellant states the reason the record was tendered late is that the Hot Spring County Circuit Clerk was unable to prepare the transcript in time for proper filing.

This court has held that it will grant a motion for rule on the clerk when the attorney admits that the record was not timely filed due to an error on his part. *See, e.g., Tarry v. State,*

288 Ark. 172, 702 S.W.2d 804 (1986). Here, the attorney does not admit fault on his part, but instead implies the Hot Spring County Circuit Clerk failed to prepare the transcript for proper filing. We have held that a statement that it was someone else's fault or no one's fault will not suffice. *Clark v. State*, 289 Ark. 382, 711 S.W.2d 162 (1986). Therefore, appellant's motion must be denied.

The appellant's attorney shall file within thirty days from the date of this per curiam a motion and affidavit in this case accepting full responsibility for not timely filing the transcript, and upon filing same, the motion will be granted and a copy of the opinion will be forwarded to the Committee on Professional Conduct.