David Bruce JONES *v.* STATE of Arkansas

CR 99-320                                      992 S.W.2d 85

Supreme Court of Arkansas
Opinion delivered June 2, 1999

*Larry W. Horton*, for appellant.

No response.

P ER CURIAM. ■    On March 12, 1999, the record in
this case was tendered to the clerk's office, but it was not
accepted because the time for filing had exceeded seven months
from the date of the entry of judgment. On March 19, 1999,
counsel filed a motion for rule on the clerk and again tendered the
record to the clerk's office, although the time for filing had lapsed.
In his motion, appellant stated the reason the record was tendered
late was that the Hot Spring County Circuit Clerk was unable to
prepare the transcript in time for proper filing.

This court has held that it will grant a motion for rule on the
clerk when the attorney admits that the record was not timely
filed due to an error on his part. *See, e.g., Tarry v. State*, 288 Ark.
172, 702 S.W.2d 804 (1986). Further, we have held that a state-
ment that it was someone else's fault or no one's fault will not
suffice. *Clark v. State*, 289 Ark. 382, 711 S.W.2d 162 (1986).
Therefore, appellant's motion was denied.

█ Appellant's attorney now files another motion for rule on the clerk in which he admits that the record was tendered late due to a mistake on his part. We find that such error, admittedly made by the attorney for a criminal defendant, is good cause to grant the motion. *See Tarry v. State*, 272 Ark. 243, 613 S.W.2d 90 (1981); *In Re: Belated Appeals in Criminal Cases*, 265 Ark. 964 (1979) (per curiam).

A copy of this per curiam will be forwarded to the Committee on Professional Conduct. *In Re: Belated Appeals in Criminal Cases*, 265 Ark. 964.