James SLACK *v.* STATE of Arkansas

CR 99-809                                                999 S.W.2d 667

Supreme Court of Arkansas
Opinion delivered September 9, 1999

*Kenneth G. Fuchs,* for appellant.

No response.

P ER CURIAM. Appellant James Slack was convicted of kidnapping and sentenced to sixty years' imprisonment. Through his attorney, Kenneth G. Fuchs, Appellant has filed a motion for belated appeal. The motion reflects that the sentence was pronounced on May 5, 1998, but that the judgment was not entered until numerous weeks later. The motion further reflects that Appellant was not given any notice that the judgment had

been filed. Accordingly, no timely notice of appeal was ever filed. Appellant now prays for a belated appeal, pursuant to Rule 2(e) of the Arkansas Rules of Appellate Procedure—Criminal. We deny the motion.

■ Rule 2(e) provides in pertinent part:

> The Supreme Court may act upon and decide a case in which the notice of appeal was not given or the transcript of the trial record was not filed in the time prescribed, *when a good reason for the omission is shown by affidavit*. However, no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of judgment or entry of the order denying postconviction relief from which the appeal is taken. If no judgment of conviction was entered of record within ten (10) days of the date sentence was pronounced, application for belated appeal must be made within eighteen (18) months of the date sentence was pronounced. [Emphasis added.]

This court has interpreted Rule 2(e) as requiring an affidavit upon application to this court for a belated appeal. *Harris v. State*, 327 Ark. 14, 935 S.W.2d 568 (1997). *See also Morrissey v. State*, 323 Ark. 803, 917 S.W.2d 167 (1996) (holding that when a good reason is shown by affidavit, this court may act upon and decide a case in which the notice of appeal was not given).

■ Here, Appellant has timely filed the motion for belated appeal (within eighteen months from the date that his sentence was pronounced), but he has failed to file an affidavit in support of his motion. Because such an affidavit is required by Rule 2(e), we must deny Appellant's motion at this time. We direct Appellant to submit the required affidavit, demonstrating good reason for failing to timely file the notice of appeal, within thirty days of the date of this *per curiam* opinion. Upon receipt of the affidavit, we will consider the motion.