James SLACK *v.* STATE of Arkansas

CR 99–809                                999 S.W.2d 668

Supreme Court of Arkansas
Opinion delivered September 30, 1999

*Kenneth G. Fuchs*, for appellant.

No response.

P ER CURIAM. Appellant James Slack has filed a motion
for belated appeal. We previously denied the motion
due to Appellant's failure to file an affidavit in support of his
motion, pursuant to Ark. R. App. P.—Crim. 2(e). *See Slack v.
State*, 338 Ark. 512, 999 S.W.2d 667 (1999) (*per curiam*). We
directed Appellant to submit the required affidavit, demonstrating
good reason for failing to timely file the notice of appeal, within
thirty days of the date of our *per curiam* opinion.

Appellant's attorney, Kenneth G. Fuchs, filed an affidavit on
September 16, 1999, asserting that the notice of appeal was not
filed by him because he never received a copy of the judgment and
conviction order, and, therefore, he was never made aware that the
order had been filed. Mr. Fuchs stated that Appellant informed

him of his desire to appeal the conviction immediately following the jury trial, and that he had agreed to pursue the appeal on Appellant's behalf.

■ This court has long held that we will grant a motion for belated appeal when the attorney admits that the notice of appeal was untimely filed due to an error on his part. *See Guynn v. State,* 332 Ark. 434, 961 S.W.2d 35 (1998) (*per curiam*); *Harkness v. State,* 264 Ark. 561, 572 S.W.2d 835 (1978). Here, the attorney has not assumed responsibility for failing to verify when the judgment and commitment order was filed. A statement that it was someone else's fault or no one's fault will not suffice. *Guynn,* 332 Ark. 434, 961 S.W.2d 35; *Clark v. State,* 289 Ark. 382, 711 S.W.2d 162 (1986) (*per curiam*). The responsibility for the timely filing of appeals must rest upon the litigant and his attorney. *Christopher v. Jones,* 271 Ark. 911, 611 S.W.2d 521 (1981). We must "put the responsibility where it belongs, on the shoulders of the lawyer who is at fault[.]" *In Re: Belated Appeals in Criminal Cases,* 265 Ark. 964, 965 (1979) (*per curiam*).

■ Because the affidavit does not demonstrate good cause to grant the motion for belated appeal, we must again deny the motion. If Appellant's attorney files an affidavit accepting full responsibility for failing to file a timely notice of appeal, then the motion for belated appeal will be granted.