Harmon WILLIAMS *v*. STATE of Arkansas

CR 02-1075                                                        88 S.W.3d 427

Supreme Court of Arkansas
Opinion delivered October 31, 2002

*David Mark Gunter*, for appellant.

No response.

P ER CURIAM. Harmon Williams through his attorney, David Mark Gunter, moves the court for a rule on clerk so that the transcript in this appeal may be filed. From the record

tendered to the Supreme Court Clerk, we learn that on February 28, 2002, a judgment and commitment order was entered showing Williams had been convicted of possession of a controlled substance with intent to deliver and sentenced to forty years in prison. He filed his notice of appeal on March 21, 2002. On June 19, 2002, the circuit court extended the time for filing the transcript until August 19, 2002. Counsel for Williams states that he received the transcript from the court reporter on October 9, 2002. He tendered that transcript to the Supreme Court Clerk on October 10, 2002. He now moves this court to direct that the transcript be filed.

This court has held that we will grant a motion for rule on clerk when the attorney admits that the record was not timely due to an error on his part. *See Tarry v. State*, 288 Ark. 172, 702 S.W.2d 804 (1986). Counsel for Williams, David Mark Gunter, has not made such an admission.

██ Without admission of fault, we will not issue an order for rule on clerk. *See Clark v. State*, 289 Ark. 382, 711 S.W.2d 162 (1986). Therefore, the motion must be denied. For filing to occur, the appellant's attorney must file within thirty days from the date of this *per curiam* a motion and affidavit in this case accepting full responsibility for not timely filing the transcript. Upon filing same, the motion will be granted and a copy of the opinion will be forwarded to the Committee on Professional Conduct.