Opinion issued March 20, 2003
     










In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00180-CR




OSCAR ERNESTO DIAZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 847122
 

 
 
MEMORANDUM OPINION
 
          Appellant, Oscar Ernesto Diaz, pled guilty to the felony offense of aggravated
robbery and was assessed punishment at 18 years’ confinement in prison and a $5,000
fine. See Tex. Pen. Code Ann. § 29.03 (Vernon 1994). We affirm.
Anders Brief
          Appellant’s counsel has filed a motion to withdraw as counsel. As a
prerequisite for presenting this motion, counsel has submitted a brief stating his
opinion that a thorough and complete analysis of the record revealed the appeal is
without merit. Counsel’s brief identifies and provides argument supporting a number
of potential points of error, but concludes that none of these presented arguable points
of reversible error. 
          The brief meets the requirements of Anders v. California, 386 U.S. 738, 744,
87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the record and
stating why there are no arguable grounds of error on appeal. See High v. State, 573
S.W.2d 807, 111 (Tex. Crim. App. 1978). Counsel advised appellant of his evaluation
of this appeal and informed appellant of his right to file his own pro se brief. 
Appellant timely filed a pro se brief. 
           In three issues, appellant contends that the jury charge and evidence are
insufficient to support his conviction of aggravated robbery because he was a party to
the offense rather than the primary actor. Appellant pled guilty to aggravated robbery
before a jury and the jury assessed his punishment. Appellant’s three issues allege
only that error occurred at the guilt stage of trial.
          Appellant may not avail himself of a factual or legal sufficiency challenge
because he pled guilty to the offense. See Ex parte Martin, 747 S.W.2d 789, 792
Crim. App. 1988). Additionally, because appellant pled guilty, he has waived all non-jurisdictional defects. Sellers v. State, 961 S.W.2d 35, 352 (Tex. App—Houston [1st
Dist.] 1997, pet. ref’d). 
          Appellant does not complain that any alleged error invalidated his guilty plea. 
See Young v. State, 8 S.W.3d 656 (Tex. Crim. App. 2000). Likewise, he does not
complain of a jurisdictional defect. See Sellers, 961 S.W.2d at 352. 
          Because appellant’s three issues affect guilt issues only and because he pled
guilty to the offense, he has waived all errors regarding the finding of guilt.
          We overrule appellant’s three issues. 
                                                         Conclusion
          We affirm the judgment of the trial court and grant appellant’s appointed
counsel’s motion to withdraw. 
 
 
 
                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Justices Hedges, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).