Tommy Wayne JONES *v.* STATE OF Arkansas

CR 03-401 111 S.W.3d 853

Supreme Court of Arkansas
Opinion delivered May 1, 2003

*Larry R. Froelich*, for appellant.

*Mike Bebee*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

P ER CURIAM. Tommy Wayne Jones, by attorney Larry R. Froelich, has filed a motion for rule on the clerk. We deny the motion.

Mr. Froelich argues that the record was filed timely. The judgment and commitment order in this case was entered on February 7, 2002, and counsel filed a timely motion for a new trial on March 7, 2002. The trial court did not rule on that motion until November 6, 2002. Rule 33.3(c) of the Arkansas Rules of Criminal Procedure provides that a motion is deemed denied thirty days after the motion is filed if the court has not granted or denied the motion. A notice of appeal must be filed within thirty days of "the date a post-trial motion under [Rule 33.3] is deemed denied[.]" Ark. R. App. P.—Crim. 2(a)(3) (2002). Furthermore, our rules direct that "if the trial court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date." Ark. R. App. P.—Crim. 2(b)(1) (2002). Though Mr. Froelich filed the notice of appeal on

December 6, 2002, within thirty days of the trial court's action on November 6, 2002, the motion had already been deemed denied on April 8, 2002. Thereafter, on April 3, 2003, the clerk properly refused to lodge the transcript of this matter, because the notice of appeal had not been timely filed. Counsel does not admit fault.

■ ■ This court has held that we will grant a motion for rule on the clerk, which we will treat as a motion for a belated appeal, when the attorney admits that the record was not timely filed due to an error on his part. *See, e.g., Tarry v. State,* 288 Ark. 172, 702 S.W.2d 804 (1986). Here, the attorney does not admit fault on his part. We have held that a statement that it was someone else's fault or no one's fault will not suffice. *Clark v. State,* 289 Ark. 382, 711 S.W.2d 162 (1986). Therefore, appellant's motion must be denied.

The appellant's attorney shall file within thirty days from the date of this *per curiam* opinion a motion and affidavit in this case accepting full responsibility for not timely filing the notice of appeal, and upon filing same, the motion will be granted and a copy of the opinion will be forwarded to the Committee on Professional Conduct.

Motion denied.