Donnie Ray PETERSON *v.* STATE of Arkansas

711 S.W.2d 830

Supreme Court of Arkansas
Opinion delivered July 7, 1986

*Appellant*, pro se.

No response by appellee.

PER CURIAM. On January 29, 1986, petitioner Donnie Ray Peterson pleaded guilty to burglary and theft of property and was sentenced to consecutive terms of imprisonment of forty and thirty years. The sentences were ordered served consecutive to sentences imposed for three prior convictions. On February 20, 1986, he filed a motion to "correct illegal sentence" pursuant to Act 431 of 1983 and Criminal Procedure Rule 26. The motion was denied on the same day. Petitioner does not contend that the

circuit court failed to inform him promptly that relief had been denied, and it is apparent that he was aware of the denial of his motion within the time for filing a notice of appeal since he mailed to this Court on March 7, 1986, a *pro se* appellant's brief seeking review of the lower court's action. The brief was returned to him because a notice of appeal had not been filed and there was no record lodged with this Court. He was also informed by our criminal coordinator at that time that notices of appeal must be filed within thirty days of the date the order was entered. Although he still had until March 22 to file a timely notice of appeal, he did not do so. Petitioner now seeks a belated appeal of the circuit court order.

Petitioner's sole reason for not filing a notice of appeal was his lack of knowledge of appellate procedure. He contends that he was relying on another prison inmate to pursue the appeal and that the inmate abandoned him after the inmate was placed in punitive isolation. He argues that since his only source of legal assistance was unavailable, he should be allowed to proceed with a belated appeal.

We will grant a belated appeal of an order denying a petition for postconviction relief if good cause is shown for the petitioner's failure to file a timely notice of appeal. *See Scott* v. *State*, 281 Ark. 436, 664 S.W.2d 475 (1984). All litigants, including those who proceed *pro se*, must bear responsibility for conforming to the rules or demonstrating good cause for not doing so. We have consistently held that ignorance of the rules of appellate procedure is not in itself good cause to grant a belated appeal. *Walker* v. *State*, 283 Ark. 339, 676 S.W.2d 460 (1984); *Thompson* v. *State*, 280 Ark. 163, 655 S.W.2d 424 (1983); *Grain* v. *State*, 280 Ark. 161, 655 S.W.2d 425 (1983).

The fact that an appellant is in prison and trusted another prisoner to advise him does not excuse the failure to conform to the rules. An appellant may not by-pass the requirement of filing a timely notice of appeal by simply asserting that he relied on a misinformed or irresponsible fellow prisoner. There is no guarantee of effective legal assistance from a person who is not a licensed attorney.

Motion denied.