Charles SULLIVAN *v.* STATE of Arkansas

RC 89-78                                    784 S.W.2d 155

Supreme Court of Arkansas
Opinion delivered February 12, 1990

Pro Se Motion for Rule on the Clerk and Motion for Appointment of Counsel denied.

*Charles Sullivan*, for petitioner.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for respondent.

PER CURIAM. The petitioner Charles Sullivan pleaded guilty to aggravated robbery in 1988. In 1989, he filed in the trial court a *pro se* petition for post-conviction relief pursuant to Criminal Procedure Rule 37. The petition was denied, and the petitioner filed a timely *pro se* notice of appeal. The record was not tendered to this court within the ninety days provided by Rule 5 of the Arkansas Rules of Appellate Procedure. Petitioner has now filed a motion for rule on the clerk and a motion for appointment of counsel. In the motion for rule on the clerk the petitioner asserts that the circuit clerk must assume fault for the late tender of the record because she failed to forward the record to this court or to him within time for him to lodge the record in accordance with the rules of procedure. He contends that as an incarcerated indigent layman, he did not have the means to obtain and submit the transcript.

The motions are denied. All litigants, including those who proceed *pro se*, must bear responsibility for conforming to the rules of procedure or demonstrating good cause for not doing

so. *Peterson* v. *State*, 289 Ark. 452, 711 S.W.2d 830 (1986). It is not the duty of the circuit clerk to perfect an appeal. The appellant has the responsibility for filing a timely notice of appeal and requesting in a letter to the clerk that the record be prepared and transmitted to either the appellant or to the clerk of this court. This request is not part of the notice of appeal. If the *pro se* appellant desires appointment of counsel, he must file a separate motion for counsel with the notice of appeal. The appellant here filed a lengthy notice of appeal styled "Notice of Appeal and Motion for Designation of Record" which contained in its body a request for appointment of counsel and a request that the record be transmitted to him, to this court and to his attorney if one was appointed to represent him. Clerks and judges are not required to sift through a notice of appeal or other documents to decipher whether any hidden request or motion is contained in it. A litigant's failure to act in accordance with the prevailing rules of procedure will not be excused solely on the ground that he was acting *pro se*. Likewise, the fact of incarceration does not excuse a prisoner from complying with the rules. *See Peterson* v. *State, supra*.

Motions denied.