Herbert WILSON a/k/a Herbert Jones *v.* STATE of
Arkansas

CR 91-23                                    810 S.W.2d 337

Supreme Court of Arkansas
Opinion delivered June 24, 1991

*J.F. Atkinson, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst.
Att'y Gen., for appellee.

PER CURIAM. The appellant is appealing the denial by the
trial court of a petition for post-conviction relief filed pursuant to
Criminal Procedure Rule 37. The appellant's brief filed by the
attorney appointed to represent the appellant is flagrantly defi-
cient in that there is no abstract of the information, judgment and
commitment order, the Rule 37 petition, or the court's order
denying the Rule 37 petition. Counsel now seeks permission to
supplement the abstract. The state argues that it would be unfair
to permit the appellant to remedy the deficiencies with a supple-
mental abstract after the state's brief has already been filed.

Although the appeal is from an order denying post-
conviction relief and the right to effective assistance of counsel
under the sixth amendment does not extend to collateral attacks
on a judgment, we will not penalize the appellant by dismissing
the appeal because his attorney prepared a deficient brief. If
appellant had been proceeding *pro se* and had submitted a
deficient abstract, we would not hesitate to affirm pursuant to our
Rule 9 since a litigant who elects to proceed *pro se* is required to
conform to the rules of procedure. *Peterson* v. *State*, 289 Ark.
452, 711 S.W.2d 830(1986). Where the error was made by
appointed counsel, however, we will permit the abstract to be

supplemented.

A copy of this opinion shall be forwarded to the Committee on Professional Conduct.

Motion granted.

DUDLEY and BROWN, JJ., concur.

GLAZE, J., dissents.

ROBERT L. BROWN, concurring. There is a dramatic inconsistency in the majority's treatment of the appellant, Herbert Wilson, and his court-appointed counsel in this case and the treatment of a *pro se* inmate a few short months ago. *See Fruit* v. *Lockhart*, 304 Ark. 457, 802 S.W.2d 930 (1991). In *Fruit* the majority held that an inmate without the benefit of counsel who failed to abstract testimony in his brief had no recourse under Ark. Sup. Ct. R. 9(e)(2). The trial court judgment in *Fruit* which denied the inmate relief was summarily affirmed.

Now, since the appellant has court-appointed counsel, the majority has decided that it is unduly harsh to affirm the trial court judgment, and we are giving an appellant with counsel a second chance to correct a deficient abstract at his own expense. Why was the situation not unduly harsh, when a *pro se* inmate was effecting on his own and neglected to abstract the record? The appellant in this case had the benefit of counsel who presumably was familiar with our Rule 9(e)(2), or should have been. The same cannot be said of an inmate without counsel. Yet we give the appellant with counsel a second chance. We should have held just the opposite in this case and in *Fruit* v. *Lockhart*. The clear message from these two decisions is that an unrepresented appellant does not receive the same consideration under our rules as an appellant with counsel.