Ricky DAFFRON *v.* STATE of Arkansas

CR 96-14                                                926 S.W.2d 662

Supreme Court of Arkansas
Opinion delivered July 15, 1996

*James Law Firm*, by: *William Owen James, Jr.*, and *Kelli S. Cashion*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

PER CURIAM. Appellant Ricky Daffron, through his counsel, seeks permission to file a supplemental abstract and substituted brief in connection with his appeal of the denial of a Rule 37 petition. The State asks that we deny Daffron's motion because counsel for the State pointed out in its brief that Daffron failed to abstract the order denying his Rule 37 petition and argued that the case should be affirmed on this basis.

The State acknowledges that in *Wilson v. State*, 306 Ark. 179, 810 S.W.2d 337 (1991), this court permitted appellant's counsel to file a supplemental abstract and brief in a Rule 37 appeal, under identical circumstances. However, the State asks that we adopt the rationale of *Jones v. McCool*, 318 Ark. 688, 886 S.W.2d 633 (1994), in which we turned down a pro se appellant's request to file a supplemental abstract and brief in order to cure an abstract deficiency. *Jones had failed to include an abstract of any part of the record in his brief.* In the *Jones* per curiam opinion we said:

> Nearly a month after the appellee State filed its brief, appellant filed a motion seeking to amend the brief to include an abstract. The motion is denied. *Once the appellee has filed its brief, it is too late to file a motion to amend the appellant's brief.*

(Emphasis supplied.) No authority is given in *Jones* for this declaration, perhaps because none exists under either our present Rule 4-2(b)(2), the former Rule 9(e)(2), or the cases which have interpreted those rules in this context.

The rationale of *Jones* seems to be that a pro se appellant should not be afforded the same opportunity to correct a deficient abstract as is an appellant represented by counsel. We said as much, unfortunately, in *Wilson, supra*, where we granted counsel's motion to supplement abstract, but added the following caveat:

> If appellant had been proceeding pro se and had submitted a deficient abstract, we would not hesitate to affirm pursuant

to our Rule 9 since a litigant who elects to proceed pro se is required to conform to the rules of procedure. *Peterson v. State*, 289 Ark. 452, 711 S.W.2d 830 (1986). Where the error was made by appointed counsel, however, we will permit the abstract to be supplemented.

Pro se litigants are of course required to conform to the rules of procedure. However, Rule 4-2(b)(2) provides:

> *Whether or not the appellee has called attention to deficiencies in the appellant's abstract,* the Court may treat the question when the case is submitted on its merits. If the Court finds the abstract to be flagrantly deficient, or to cause an unreasonable or unjust delay in the disposition of the appeal, the judgment or decree may be affirmed for noncompliance with the Rule. *If the Court considers that action to be unduly harsh, the appellant's attorney may be allowed time to revise the brief, at his or her own expense, to conform to Rule 4-2(a)(6).* Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. *Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct.*

(Emphasis supplied.)

This rule clearly contemplates the filing of a substituted brief by an appellant after an appellee's brief has been filed, *even when, as in the present case, the appellee has called attention to the abstract deficiency in its brief.* The rule *further* provides that the appellee be afforded the opportunity to revise or supplement its brief at the expense of the appellant or the appellant's counsel. We routinely grant an appellant's request to file a substituted brief when a case is not ready for submission. *Dixon Ticonderoga Co. v. Winburn Tile Mfg.*, 322 Ark. 817, 911 S.W.2d 955 (1995). Of course, this court has the discretion to deny a request to file a substituted brief if an unreasonable or unjust delay in the disposition of the appeal will result or if it is not unduly harsh to affirm the case without reaching the merits of the appellant's argument. This is a far cry from the bald assertion in *Jones* that it "is too late to file a motion to amend" after the appellee's brief has been filed.

The State also contends that the opinion in *Jones* is consistent with our holdings that an appellant may not supplement an

abstract in a reply brief. *See Harris v. State*, 315 Ark. 398, 868 S.W.2d 58 (1993). However, Rule 4-1(b) provides that an appellant's reply brief "shall not include any supplemental abstract *unless permitted by the court upon motion.*" (Emphasis supplied.) Further, in *Harris*, we noted that Harris requested in his reply brief that he be permitted to supplement his abstract but that his request "was without a *prior timely motion*, and as a matter of course, would not (and did not) come to the court's attention until after this case was submitted to the court for decision." (Emphasis supplied.)

*The State argues that it is unfair to allow an appellant to supplement his abstract after the appellee has pointed out the deficiencies in the form of a meritorious procedural argument in its brief, and that this practice should be stopped. This is in effect an argument for a substantial change in our Rules 4-1 and 4-2.*

However, Daffron has filed a motion to supplement abstract and file substituted brief *pursuant to our present Rule 4-2(b)(2). As* his case *has not yet been* submitted to this court for decision, his motion is timely filed and is granted.

DUDLEY, J., not participating.