Eric Alan HAMEL *v.* STATE of Arkansas

CR 98-23                                            1 S.W.3d 434

Supreme Court of Arkansas
Opinion delivered October 14, 1999

*Craig Lambert*, for appellant.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Ass't Att'y Gen., for appellee.

R OBERT L. BROWN, Justice. Appellant Eric Hamel appeals on the basis that the trial court erred in dismissing his petition for postconviction relief under Ark. R. Crim.

P. 37, when that petition was received more than ninety days after judgment was entered against him. We discern no error in the trial court's dismissal and affirm.

The facts are not in dispute. Hamel pled guilty to a reduced charge of first-degree murder and was sentenced to forty years in prison with ten years suspended. On June 11, 1996, the judgment of conviction was entered against him in the Benton County Circuit Clerk's office. On September 5, 1996, which was eighty-six days after entry of judgment, Hamel placed his Rule 37 petition in the inmate mailing system at the Cummins Unit of the Department of Correction. The Legal Mail Log at the Cummins Unit substantiates this fact. On September 11, 1996, Hamel's petition was stamped filed in the Benton County Circuit Clerk's office. Because Hamel's petition was file-marked on the ninety-second day after entry of judgment, the trial court dismissed the petition.

Hamel's sole argument on appeal is that the trial court erred in dismissing his petition and urges this court to adopt the "Mailbox Rule," which provides that a *pro se* inmate files his or her petition at the time the petition is placed in the hands of prison officials for mailing. In support of his argument, Hamel cites us to the reasoning in *Houston v. Lack*, 487 U.S. 266 (1988), where the United States Supreme Court concluded that a notice of appeal in a *habeas corpus* case was filed when the petitioner delivered that notice to prison authorities for mailing. The rationale of the Court was that prison inmates were foreclosed from being able to monitor the progress of their appeals by virtue of their incarceration and were forced "to entrust their appeals to the vagaries of the mail . . . ." 487 U.S. at 271. The pertinent federal statute involved in *Houston* provided that appeals from a judgment shall not be brought "unless the notice of appeal is filed within thirty days after the entry of such judgment." *See* 28 U.S.C. § 2107. Federal Rules of Appellate Procedure 3(a) and 4(a)(1) were even more specific with regard to the filing required. Both specified that the notice of appeal be filed "with the clerk of the district court." Be that as it may, the Court concluded that filing by *pro se* inmates occurred when the notice of appeal was delivered to prison authorities.

■ ■ The State, on the other hand, urges this court to follow the plain language of our rule, which reads in pertinent part:

> (c) If a conviction was obtained on a plea of guilty, or the petitioner was found guilty at trial and did not appeal the judgment of conviction, a petition claiming relief under this rule *must be filed in the appropriate circuit court* within ninety (90) days of the date of entry of judgment.

Ark. R. Crim. P. 37.2(c) (emphasis added). The State continues by citing caselaw where this court has held that the time limitations imposed in Rule 37 are jurisdictional in nature, and the circuit court may not grant relief on an untimely petition for postconviction relief. *See, e.g., Seaton v. State*, 324 Ark. 236, 920 S.W.2d 13 (1996). This court has further held that the date of filing a petition for postconviction relief is determinative of whether the trial court has jurisdiction to reach the merits of the case. *See Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996). The State, finally, emphasizes the point that this court has held that *pro se* inmates are required to conform to the rules of appellate procedure. *See, e.g., Daffron v. State*, 325 Ark. 411, 926 S.W.2d 662 (1996) (per curiam) (abstract deficiency).

■ We view our procedural rule, Ark. R. Crim. P. 37.2(c), as controlling in this case. That rule requires in language that is clear and unambiguous that the petition must be filed in the appropriate circuit court within ninety days of judgment. That, of course, did not occur in this case. Though Hamel argues vigorously that this court should adopt the reasoning of *Houston v. Lack, supra*, we decline to do so. This court has noted in a prior decision that the *Houston* case was no more than the Supreme Court's interpretation of federal rules which have no applicability in our jurisdiction. *See Key v. State*, 297 Ark. 111, 759 S.W.2d 567 (1988) (per curiam).

The trial court correctly dismissed Hamel's petition for lack of jurisdiction.

Affirmed.

CORBIN, J., not participating.