Mitchell SKINNER *v.* STATE of Arkansas

CR 00-1361                                          40 S.W.3d 269

Supreme Court of Arkansas
Opinion delivered March 15, 2001

*Petitioner*, pro se.

No response.

PER CURIAM. In 1996, Mitchell Skinner pleaded guilty to capital felony murder and was sentenced to life imprisonment without parole. He subsequently filed in the trial court a petition for postconviction relief pursuant to Criminal Procedure Rule 37 challenging the judgment. The petition was denied, and we affirmed the order. *Skinner v. State*, CR 96-1284 (February 5, 1998).

In 2000, Skinner filed a *pro se* petition for writ of error *coram nobis* in the trial court. The petition was denied, and petitioner Skinner filed a notice of appeal from the order rather than a petition for writ of certiorari in this court, which is the proper avenue to seek review of the denial of a *coram nobis* action. *Larimore v. State*, 327 Ark. 271, 938 S.W.2d 818 (1997), citing *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984). Petitioner took no further action in this court, until he was notified on October 5, 2000, that the circuit

clerk had forwarded the record to this court in response to the notice of appeal.

Now before us is petitioner's motion for rule on clerk seeking to be permitted to proceed with a review of the court's decision to deny the *coram nobis* petition. As noted earlier, petitioner did not file a petition for writ of certiorari in this court as dictated by the prevailing rules of procedure.

■ ■ We have held that when a review is permitted by certiorari rather than appeal, the time limitations applicable to an appeal will be adopted by analogy. *Fulks v. Walker*, 224 Ark. 639, 275 S.W.2d 873 (1955). Accordingly, a petition for writ of certiorari should be filed here within thirty days of the date of the order denying a petition for writ of error *coram nobis*, just as an appellant is required by Ark. App. P.—Crim. 2(a)(4) to file a notice of appeal in the trial court within thirty days of the date an order is entered denying postconviction relief. In the interest of judicial economy, therefore, we will consider the motion for rule on clerk as if petitioner were seeking to file a belated petition for writ of certiorari here. Finding no good cause for his failure to proceed in accordance with the prevailing rules of procedure, we deny relief.

Petitioner Skinner contends that he should be permitted to proceed on the grounds that: (1) a letter to him from our Criminal Justice Coordinator dated August 28, 2000, informing him that the record had not yet been lodged here, did not reach him until September 26, 2000, thus delaying his contacting the circuit clerk to learn the status of the appeal; (2) prison officials held the letter to him from the Criminal Justice Coordinator for a month before forwarding it to him; and (3) he had been in punitive isolation and did not have access to a law library.

■ ■ A petitioner has the right to seek review of a ruling on a petition for postconviction relief. *See Scott v. State*, 281 Ark. 436, 664 S.W.2d 475 (1984). With that right, however, goes the responsibility to abide by the rules of procedure. If a petitioner fails to follow procedural rules, the burden is on the petitioner to make a showing of good cause for the failure to comply with proper procedure. *See Garner v. State*, 293 Ark. 309, 737 S.W.2d 637 (1987). The fact that a petitioner is proceeding *pro se* or is incarcerated does not in itself constitute good cause for the failure to conform to procedure. *See Walker v. State*, 283 Ark. 339, 676 S.W.2d 460 (1984); *Thompson v. State*, 280 Ark. 163, 655 S.W.2d 424 (1983); *see also Sullivan v. State*, 301 Ark. 352, 784 S.W.2d 155 (1990).

██ It is not the responsibility of the circuit clerk or anyone other than the party seeking review to perfect the request for review, whether it be by appeal or certiorari. *See Sullivan, supra.* Petitioner did not pursue the procedural course available to him and has not established that there was good cause for his failure to act.

Motion denied.