Samuel Warren TARRY *v.* STATE of Arkansas

CR 01-1022                                    57 S.W.3d 163

Supreme Court of Arkansas
Opinion delivered October 11, 2001

*Craig Lambert,* for appellant.

No response.

PER CURIAM. The Arkansas County Circuit Court denied appellant's Rule 37 motion on May 21, 2001, and appellant filed his notice of appeal on June 19, 2001. The transcript was tendered to the clerk's office on September 18, 2001, or one day after the ninety-day time limit had lapsed.

Appellant filed a motion for rule on the clerk to compel the clerk's office to accept the transcript. In the motion, it is contended that the circuit clerk misled appellant's attorney, Craig Lambert, into believing that September 18, 2001, was the deadline for filing the transcript. Mr. Lambert states that he faxed the notice of appeal to the circuit clerk on June 19, 2001. Mr. Lambert states that he also mailed the notice of appeal to the circuit clerk and included a stamped, self-addressed envelope for the circuit clerk to use to return the file-marked copies of the pleadings back to him. Mr. Lambert stated that he did both because he was not certain that the notice of appeal that he placed in the mail would be received and file-marked by the circuit clerk by June 20, 2001, which was the thirty-day deadline for filing the notice of appeal.

The circuit clerk sent a copy of the fax of the notice of appeal bearing a file-marked date of June 19, 2001, to the prosecuting attorney, the circuit judge, the circuit judge's case coordinator, and the court reporter, but sent only a copy of the mailed notice of appeal bearing a file-marked date of June 20, 2001, to Mr. Lambert. The faxed copy of the notice of appeal that was filed-marked with a date of June 19, 2001, was not sent to Mr. Lambert. Mr. Lambert argues that because the circuit clerk failed to place a copy of the faxed pleading bearing a date of June 19, 2001 in the envelope along with a copy of the mailed pleading bearing a date of June 20, 2001, the circuit clerk misled him into believing that the ninety-day time limit began to run on June 20, 2001.

We have repeatedly held that all litigants, including those who proceed *pro se*, must bear responsibility for conforming to the

rules of procedure or demonstrate good cause for not doing so. *Sullivan v. State*, 301 Ark. 352, 784 S.W.2d 155 (1990) (citing *Peterson v. State*, 289 Ark. 452, 711 S.W.2d 830 (1986)). Additionally, we have held that we will grant a motion for rule on the clerk when the attorney admits the record was not timely filed due to an error on his part. *See, e.g., Guss v. State*, 325 Ark. 521, 928 S.W.2d 336 (1996).

Here, Mr. Lambert does not admit fault on his part, but instead places blame on the circuit clerk's office and contends that there is "good cause" for us to grant a belated appeal in this case. As authority for his argument, Mr. Lambert relies on our decision in *Chiasson v. State*, 304 Ark. 110, 798 S.W.2d 927 (1990), where we granted a belated appeal from the denial of a Rule 37 petition where the circuit clerk failed to promptly provide the Rule 37 petitioner with a copy of the circuit court's order denying relief. *Id.* We disagree with the interpretation and application of *Chiasson, supra*, to the facts of the case before us.

██ We note that the present case involves the circuit clerk's failure to provide Mr. Lambert with the faxed copy of the notice of appeal, whereas *Chiasson, supra*, involved the circuit clerk's failure to provide counsel with a copy of the circuit court's order denying relief. We based our decision in *Chiasson, supra*, on Ark. R. Crim. P. 37.3(d), which imposes a mandatory duty upon the circuit clerk to promptly mail a copy of an order rendered on a petition filed under the rule to the petitioner. Ark. R. Crim. P. 37.3(d) provides:

> (d) When an order is rendered on a petition filed under this rule, the circuit court shall promptly mail a copy of the order to the petitioner.

*Id.* Rule 37.3(d) does not impose a similar duty upon the circuit clerk regarding notices of appeal. Moreover, we have held that a statement that it was someone else's fault, or no one's fault, will not suffice. *Whitney v. State*, 334 Ark. 241, 973 S.W.2d 481 (1998) (citing *Clark v. State*, 289 Ark. 382, 711 S.W.2d 162 (1986) (*per curiam*)); *see also Rossi v. Rossi*, 319 Ark. 373, 892 S.W.2d 246 (1995). Because Mr. Lambert fails to accept responsibility for not filing the transcript within the required time, appellant's motion must be denied.

Appellant's attorney shall file within thirty days from the date of this *per curiam* a motion and affidavit in this case accepting full responsibility for not timely filing the transcript, and upon filing the

same, the motion will be granted and a copy of the opinion will be forwarded to the Committee on Professional Conduct.

CORBIN, BROWN, and HANNAH, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. I would grant the motion for rule on the clerk because the circuit clerk's office was part of the reason for the delayed filing. *See Rossi v. Rossi*, 319 Ark. 373, 892 S.W.2d 246 (1995) (Brown, J., dissenting). I am authorized to say that Justices CORBIN and HANNAH join in this dissent.