Samuel Warren TARRY *v.* STATE of Arkansas

CR 01-1022                                        114 S.W.3d 161

Supreme Court of Arkansas
Opinion delivered May 8, 2003

*Craig Lambert*, for appellant.

No response.

P ER CURIAM. On April 11, 2003, appellant, Samuel Warren Tarry, filed a motion urging this court to reconsider our October 11, 2001 *per curiam* decision denying his motion for a rule on the clerk. In support of his motion, Mr. Tarry argues that our decision denying his motion was not based upon adequate grounds and that "the ruling was arbitrary and frustrated the vindication of the petitioner's federal rights." We deny Mr. Tarry's motion to reconsider and terminate the case.

In our October 11, 2002, *per curiam* opinion, we denied the motion for a rule on the clerk, holding that we would not grant a motion for rule on the clerk to compel acceptance of an untimely filing without a showing of good cause unless the attorney would admit error on his part. *Tarry v. State*, 346 Ark. 267, 57 S.W.3d 163 (2001). Mr. Tarry's attorney, Craig Lambert, stated in the motion for rule on the clerk that he faxed the notice of appeal to the circuit clerk on June 19, 2001, and the faxed notice was file stamped on June 19, 2001, thereby perfecting his notice of appeal on that date. Mr. Lambert also mailed the notice of appeal to the circuit clerk, and that notice was file stamped on June 20, 2001. The circuit clerk

then mailed a file-marked copy of his second notice of appeal to Mr. Lambert bearing the date of June 20, 2001. Mr. Lambert calculated the ninety-day deadline for filing the transcript from June 20, 2001, instead of June 19, 2001, the date he faxed the first notice of appeal. According to his calculation, the deadline for filing the transcript was September 18, 2001, and he filed the transcript on that day. In fact, the deadline was properly calculated by the circuit clerk from the June 19, 2001, file-stamped notice of appeal to be September 17, 2001. Mr. Lambert filed his motion for a rule on the clerk contending that the circuit clerk's forwarding the notice of appeal file stamped June 20, 2001, was good cause that would justify late tendering of the transcript to the appellate court. Mr. Lambert did not admit fault.

In our *per curiam* decision, we noted that the case involved the circuit clerk's failure to provide Mr. Lambert with the faxed copy of the notice of appeal and held that Ark. R. Crim. P. 37.3(d) imposes a mandatory duty upon the circuit clerk to promptly mail a copy of an order rendered on a petition filed under the rule to the petitioner. *Tarry, supra.* However, we also held that Rule 37.3(d) does not impose a similar duty upon the circuit clerk regarding notices of appeal. We restated the often-upheld tenet that a statement that the untimely filing of the transcript was someone else's fault, or no one's fault, will not suffice. *Id.; Whitney v. State,* 334 Ark. 241, 973 S.W2d 481 (1998) (citing *Clark v. State,* 289 Ark. 382, 711 S.W.2d 162 (1986) (*per curiam*)). Based upon our well-established precedents, we directed Mr. Lambert to file within thirty days of our *per curiam* order an affidavit accepting full responsibility for not timely filing the transcript, whereupon we would grant his motion for rule on the clerk. Mr. Lambert has since refused to admit fault, arguing that it was someone else's fault because he contends that, notwithstanding his filing of his notice of appeal on June 19, 2001, he was misled into believing that the ninety-day time limit began to run on June 20, 2001.

On April 3, 2002, the federal magistrate decided Mr. Tarry's *habeas corpus* case, holding that petitioner had exhausted all of his possible state remedies because Mr. Lambert refused to sign an affidavit accepting full responsibility for the untimely tendering of the transcript. The opinion went on to hold that our decision

denying Mr. Tarry's motion for rule on the clerk was not based upon adequate state grounds, and that our ruling was "arbitrary and frustrated the vindication of petitioner's federal rights." *Tarry v. Norris*, No. 5:01CV00390JFF, slip. op. at p. 5-7 (E.D. Ark. April 3, 2003). The magistrate found that our holding that Mr. Lambert must accept responsibility for the late tendering of the transcript "failed to provide petitioner with a fair opportunity to seek relief in state court. Accordingly, the Court finds that the state court judgment did not turn on an adequate procedural ground and that petitioner's claims should be reviewed on the merits." *Id.* We disagree.

■ Mr. Tarry continues to have the right to obtain an order from this court directing our clerk to accept this untimely filing upon Mr. Lambert's acceptance of responsibility for his late filing. The discipline of attorneys in a matter of compliance with our rules is a matter within the authority of this court, and we are not required to suspend our rules and procedures for regulating the practice of law in our state courts because a federal tribunal may *sua sponte* challenge our rule-making authority related to our regulation of the practice of law in our courts.

■ As we stated previously in *Tarry, supra,* we have repeatedly held all litigants must bear the responsibility for conforming to the rules of procedure or demonstrate good cause for not doing so. *Sullivan v. State,* 301 Ark. 352, 784 S.W.2d 155 (1990) (citing *Peterson v. State,* 289 Ark. 452, 711SW.2d 830 (1986)). Arkansas Supreme Court Rule 2-2 is derived from the superseded Rule 36.9 of the Arkansas Rules of Criminal Procedure. The former rule provided in pertinent part:

> The Supreme Court may act upon and decide a case in which the notice of appeal was not given or the transcript of the trial record was not filed in the time prescribed, when a good reason for the omission is shown by affidavit.

*Id.*

Arkansas Rule of Appellate Procedure—Criminal 2(e) contains the same language. The purpose of allowing the attorney to admit fault was "to take care of hardship cases." *In Re: Belated Appeals in Criminal Cases,* 265 Ark. 964 (1979). Furthermore, we

explained the rationale behind requiring the attorney to admit fault:

> In *Harkness v. State*, 264 Ark. 561 (1978), where counsel for the appellant in a criminal case had miscalculated the ninety-day limit for filing the record in this court, we explained that we were permitting the case to be docketed for the reason that otherwise the appellant would be in a position to obtain a new trial or a belated appeal on the basis of ineffective assistance of counsel. We have taken the same action in a number of other cases, but applications for permission to file such belated appeals are becoming much too numerous.
>
> The controlling rule provides: "The supreme court may act upon and decide a case in which the notice of appeal was not given or the transcript of the trial record was not filed in the time prescribed, *when a good reason for the omission is shown by affidavit.*" (Italics supplied.) Rules of Criminal Procedure, Rule 36.9 (1976). The purpose of the exception, to take care of hardship cases, is being disregarded, in that counsel tender out-of-time transcripts without a good reason for the delay. In order to put the responsibility where it belongs, on the shoulders of the lawyer who is at fault, hereafter when no good cause for the error is shown the court will publish a *per curiam* order allowing the appeal, giving the name of the lawyer, and stating why no good reason has been shown for the omission.

*In Re: Belated Appeals in Criminal Cases, supra.*

■ Here, Mr. Lambert is held to the requirement of admitting fault. Because of the uncertainty of whether the postal delivery of the notice of appeal would arrive by the deadline of June 20, 2001, Mr. Lambert transmitted a notice of appeal by fax on June 19, 2001, hoping that it would arrive and be file-stamped on that day. It was Mr. Lambert's responsibility to take note of the date the fax was sent and to follow up with the court clerk to determine the date on which the fax arrived and was file-stamped. It is the attorney's responsibility to organize and keep track of important dates. Failure to meet that responsibility need not have any adverse effect upon a client's effort to appeal a criminal case, if the attorney accepts responsibility for his or her failure to comply with our rules. When fault is admitted by the attorney, the matter is referred to our committee on professional conduct, which con-

siders the circumstances and takes appropriate action. Obviously, Mr. Tarry has the right to file a motion requesting the appointment of new counsel if Mr. Lambert refuses to comply with this court's precedent.

Motion denied.

BROWN, J., dissents. I would grant the motion for the reasons stated in my dissent in *Tarry v. State*, 346 Ark. 267, 57 S.W.3d 163 (2001) (*per curiam*) (Brown, J., dissenting). The circuit clerk was partly responsible for the delayed filing of the record.

HANNAH, J., joins in the dissent.

CORBIN, J., not participating.