# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1909

_____

| | | |
|---|---|---|
| Richard Stanley Maness, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| District Court Of Logan County- | * | |
| Northern Division; Paula McCaully, | * | [PUBLISHED] |
| District Court Clerk; Judge David R. | * | |
| Cravens, District Court Judge; | * | |
| Amanda Roberts, District Court Clerk; | * | |
| Judge Paul X. Williams, District Court | * | |
| Judge; Logan County Circuit Clerk; | * | |
| Judge Paul Danielson, Logan County | * | |
| Circuit Judge; David McCormick, | * | |
| Logan County Circuit Judge; Terry | * | |
| Sullivan, Logan County Circuit Judge; | * | |
| Everly Kellar, Logan County Circuit | * | |
| and Chancery Clerk; Kevin Barham, | * | |
| Paris City Prosecutor, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: March 7, 2007
Filed: August 13, 2007

_____

Before RILEY, HANSEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Richard Maness appeals the district court's 28 U.S.C. § 1915(e)(2)(B) preservice dismissal of his 42 U.S.C. § 1983 action. As relevant, the magistrate judge recommended dismissal based upon immunity, and the district court adopted the magistrate judge's report. Upon de novo review, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam), we affirm.

Maness alleged that Logan County District Court Judge Paul X. Williams improperly refused his request to continue his state-court trial, refused to hear evidence of Maness's factual innocence, and convicted him; and that City Prosecutor Kevin Barham failed to present any evidence against him. Maness also alleged that Logan County Circuit Court Clerk Everly Kellar refused to file his appeal for lack of a filing fee, and refused his repeated requests to present his application to proceed in forma pauperis (IFP) to a circuit court judge. According to correspondence between Kellar and Maness, an order from a circuit judge granting IFP status was required to perfect the appeal. As a result of Kellar's alleged refusal to present the IFP application, Maness's appeal was dismissed. Maness sought damages and an order vacating his conviction and fine.

Initially, we note that Maness conceded in his objections to the magistrate judge's report that Judge Williams, Prosecutor Barham, and Court Clerk Kellar are the only proper defendants in this case; and we note as well that Maness's request to vacate his conviction is cognizable only in a habeas corpus action, see Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973). We agree with the district court that Judge Williams and Prosecutor Barham enjoyed absolute immunity. See Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) (judges are immune from suit unless actions were nonjudicial in nature or taken in complete absence of all jurisdiction); Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996) (prosecutor is entitled to absolute

immunity when acting as advocate for state in criminal prosecution; immunity covers initiation and pursuit of criminal prosecution).

A different analysis is used to assess any immunity from suit Clerk Kellar may have. As to absolute quasi-judicial immunity, there is no suggestion in the record that Kellar's alleged refusal to present Maness's IFP application to a circuit judge was discretionary rather than ministerial. See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436-37 (1993) (when judicial immunity is extended to officials other than judges, it is because they exercise discretionary judgment as part of their function; functional approach does not require that absolute immunity be extended to court personnel simply because they are "part of judicial function"; holding that court reporters do not enjoy immunity because they have no discretion in carrying out statutory duties); Snyder v. Nolen, 380 F.3d 279, 286-289, 291 (7th Cir. 2004) (per curiam) (clerk of court who allegedly refused to file inmate's pleadings was not acting in "functionally comparable" way to judge and breached duty to perform ministerial act of accepting technically sufficient papers; clerk did not enjoy absolute quasi-judicial immunity); cf. McCullough v. Horton, 69 F.3d 918, 919 (8th Cir. 1995) (per curiam) (court clerk's failure to provide transcript as ordered by court was not clearly discretionary act entitling clerk to immunity). Thus, Kellar was not shielded by absolute quasi-judicial immunity.

However, we conclude that Kellar is shielded by qualified immunity. "Qualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Kahle v. Leonard, 477 F.3d 544, 549 (8th Cir. 2007) (internal marks omitted). We must ask and answer two questions when a defense of qualified immunity is raised by a state actor: (1) whether or not the state actor deprived the complainant of a constitutional or statutory right, and (2) if there was a deprivation of such a right, whether or not the right was clearly established such that a reasonable person would have realized that his or her actions were unlawful. Id. at 550. If the

answer to the first question is no then the § 1983 claim fails, and if the answer to the second question is no, the state actor is protected by qualified immunity. Id.

In this instance, Maness's claim of access to the courts fails because he cannot show actual injury or prejudice based on Clerk Keller's ministerial decision to not present his petition to a judge. See Johnston v. Hamilton, 452 F.3d 967, 973 (8th Cir. 2006) ("To sustain his claim based on denial of access to . . . the court, [he] must prove that he suffered an actual injury or prejudice as a result of the alleged denial of access."). We reach this conclusion for two reasons. First, the Arkansas state courts have made it clear that the responsibility for perfecting an appeal rests on the appellant in total, Sullivan v. Arkansas, 784 S.W. 2d 155, 156 (Ark. 1990) (per curiam), and that placing blame on the clerk does not excuse an appellant's failure to do so, Raynor v. Arkansas, No. CR 06-655, 2006 WL 1781500 at *1 (Ark. June 29, 2006) (unpublished) (holding that petitioner's claim that he failed to timely file a notice of appeal because the circuit clerk did not respond to his questions concerning requests to proceed in forma pauperis was not a showing of good cause for delay in perfecting the appeal); Phelps v. Arkansas, No. CR 92-1160, 1992 WL 392727 at *1 (Ark. Dec. 21, 1992) (unpublished) (stating that it was not the duty of the clerk to perfect an appeal and that "[p]etitioner's contention that his failure to tender the record was caused by the circuit clerk . . . does not excuse him of his responsibility to have either tendered the record to this court within ninety days or sought by proper motion an extension of time to lodge the record").

Secondly, we agree with Judge Easterbrook's reasoning in Snyder v. Nolen, and find that Maness has not stated a claim for violation of his right to access to the courts. 380 F.3d at 292-93 (writing that no claim for access to the courts was stated based upon the fact that the appellant could have appealed the clerk's refusal of his petition within the state system but failed to take advantage of the remedies available to him).

-4-

Based on Arkansas law that places the responsibility for perfecting an appeal on the appellant and Maness's apparent failure to pursue any sort of relief in the state courts before filing the federal claim, we find no violation of Maness's constitutional right of access to the courts.

Accordingly, we affirm the district court's grant of summary judgment to all three defendants.

_____