SLIP OPINION

Cite as 2014 Ark. 199

# SUPREME COURT OF ARKANSAS

No. CR-14-284

| | |
|---|---|
| | **Opinion Delivered**  May 1, 2014 |
| BRODERICK DON SCOTT<br>PETITIONER | PRO SE MOTION FOR BELATED APPEAL, [CIRCUIT COURT OF PULASKI COUNTY, FIRST DIVISION, NO. 60CR-06-1822] |
| v. | |
| STATE OF ARKANSAS<br>RESPONDENT | J. LEON JOHNSON, JUDGE |
| | MOTION DENIED. |

**PER CURIAM**

On September 25, 2006, judgment was entered reflecting that petitioner Broderick Don Scott had entered a plea of guilty to six felony offenses for which he was sentenced as a habitual offender to an aggregate term of 360 months' imprisonment. In 2013, petitioner filed in the trial court a pro se petition for writ of error coram nobis, challenging the judgment. On November 26, 2013, the petition was denied. Petitioner did not file a notice of appeal until February 19, 2014, eighty-five days after the order was entered, and he now seeks leave from this court to proceed with a belated appeal of the order.

Arkansas Rule of Appellate Procedure–Criminal 2(a) (2013) requires that a notice of appeal be filed within thirty days of the date an order is entered. Petitioner's sole ground for the motion is that he did not get prompt notice from the circuit clerk that the order had been entered, and, thus, it was the clerk's conduct that caused him to fail to comply with the rule.

A petitioner has the right to appeal a ruling on a petition for postconviction relief, which includes the denial of a petition for writ of error coram nobis. *Meadows v. State*, 2012 Ark. 374 (per curiam). If the petitioner fails to file a timely notice of appeal from the denial of a petition for writ of error coram nobis, a belated appeal will not be allowed absent a showing by the petitioner of good cause for the failure to comply with proper procedure. *Perry v. State*, 2010 Ark. 84 (per curiam).

Even if the order was not promptly forwarded to petitioner, that fact in itself does not constitute good cause for petitioner's failure to follow procedure. In contrast to the denial of a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.3(d) (2013),[1] there is no absolute duty imposed in the statute on a judge or a clerk to notify a petitioner that a coram-nobis petition has been denied. *Burnard v. State*, CR-04-635 (Ark. Sept. 23, 2004) (unpublished per curiam). Our law imposes a duty on lawyers and litigants to exercise reasonable diligence to keep up with the status of cases. *See Wesley v. Harmon*, 2010 Ark. 21 (per curiam). The pro se litigant receives no special consideration in this regard. *Id.*; *see also Tarry v. State*, 346 Ark. 267, 57 S.W.3d 163 (2001) (per curiam). It is not the responsibility of the circuit clerk, or anyone other than the party desiring to appeal, to perfect an appeal from an order denying coram-nobis relief. *Bannister v. State*, 2013 Ark. 412 (per curiam). As it was the duty of petitioner to file a timely notice of appeal, and he has not established good cause for his failure to do so, the motion to proceed with the appeal is denied.

Motion denied.
*Broderick Don Scott*, pro se petitioner.
No response.

---

[1]Rule 37.3(d) places an obligation upon the circuit court to promptly mail a copy of the order to the petitioner.