
# SUPREME COURT OF ARKANSAS

**No.** CR-14-114

| | |
|---|---|
| ANTHONY ORAL CRAIGG<br><br>                                    PETITIONER<br><br>v.<br><br>STATE OF ARKANSAS<br><br>                                    RESPONDENT | **Opinion Delivered**    May 1, 2014<br><br>PRO SE MOTION FOR BELATED APPEAL OF ORDER, [WASHINGTON COUNTY CIRCUIT COURT, NO.72CR-11-986]<br><br>HONORABLE WILLIAM A. STOREY, JUDGE<br><br><u>MOTION DENIED</u>. |

**PER CURIAM**

In 2011, petitioner Anthony Oral Craigg was found guilty by a jury of rape and was sentenced as a habitual offender to life imprisonment without parole. We affirmed. *Craigg v. State*, 2012 Ark. 387, ___ S.W.3d ___.

Appellant subsequently filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011). The trial court denied the petition on August 22, 2013. Appellant filed a notice of appeal on September 18, 2013, and subsequently lodged the appeal from the order in this court.

On appeal, we found that, with respect to the merits of the Rule 37.1 petition, it was clear from the record that appellant could not prevail if an appeal from the August 22, 2013 order were permitted to go forward because none of the claims for postconviction relief raised in the Rule 37.1 petition merited relief. For that reason, the appeal was dismissed. *Craigg v. State*, 2014 Ark. 71 (per curiam).

In the decision on appeal, we also denied a motion that appellant Craigg had filed to

reinvest jurisdiction in the trial court to consider some issues that he claimed had not been addressed by the trial court in the August 22, 2013 order. We noted that, in situations where an appellant has filed a valid, timely request for a ruling on an omitted issue in a Rule 37.1 proceeding, the time for filing a notice of appeal is extended in a manner similar to the extension allowed for filing a notice of appeal after a posttrial motion. *See* Ark. R. App. P.–Crim. 2(b) (2013). This provision recognizes a very narrow exception to the rule of finality of an order denying Rule 37.1 relief that is necessary because the failure to obtain a ruling on an omitted issue precludes this court from review on appeal. *See Robbins v. State*, 2010 Ark. 312 (per curiam). In petitioner's case, he could have filed his motions and awaited action by the court on them and then filed an amended notice of appeal after the motions had been acted on by the court; instead, he chose to proceed with an appeal of the original August 22, 2013 order and then to file a motion here after the appeal had been lodged to reinvest jurisdiction in the trial court to consider his Rule 37.1 petition further. We held that, as petitioner had failed to conform to the prevailing rules of procedure with respect to appealing the order or obtaining action on the issues alleged to have been omitted, the request to reinvest jurisdiction in the trial court to consider those issues must be denied.

On February 5, 2014, petitioner Craigg filed the motion that is now before us seeking leave to proceed with a belated appeal of the October 4, 2013 order that had denied the motions for a ruling on certain issues and the motion to set aside the original order. As grounds for the failure to comply with proper procedure, petitioner contends that he would have filed a timely amended notice of appeal after the October 4, 2013 order was entered if the staff at the prison

where he was incarcerated had promptly made the copies of the amended notice that he needed to proceed.

Petitioner has not stated good cause for his failure to file a timely amended notice of appeal. The duty to conform to procedural rules applies even when the petitioner proceeds pro se, as *all* litigants must bear the responsibility for conforming to the rules of procedure or demonstrating good cause for not so conforming. *Betts v. State*, 2013 Ark. 72 (per curiam). While an incarcerated petitioner may face certain obstacles in conforming to procedural rules, we have taken judicial notice in prior cases that appeals from postconviction orders are frequently lodged in this court by incarcerated persons. *See Smith v. State*, 2011 Ark. 367 (per curiam). The fact that those appeals are perfected by persons who also may be assumed to face certain hurdles occasioned by their incarceration suggests that our procedural rules are not unduly burdensome. *See Sillivan v. Hobbs*, 2014 Ark. 88 (per curiam). It was not the responsibility of anyone other than petitioner to perfect the appeal. *Smith*, 2011 Ark. 367; *Ester v. State*, 2009 Ark. 442 (per curiam). The claim that his incarceration caused the petitioner to be unable to conform to procedural rules does not, in itself, constitute good cause to grant a motion for belated appeal. *See Meadows v. State*, 2012 Ark. 374 (per curiam).

Motion denied.

*Anthony Oral Craigg*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for respondent.