# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1916

_____

Christopher Deaton,

*Plaintiff - Appellant*,

v.

Arkansas Department of Correction; Ray Hobbs, Director, Arkansas Department of Correction; Larry Norris, Former Director, Arkansas Department of Correction; Larry May, Chief Deputy Director, Arkansas Department of Correction; Raymond Naylor, Hearing Officer Administrator, Arkansas Department of Correction; Danny Burl, Warden, East Arkansas Regional Unit, ADC; Greg Harmon, Former Warden, East Arkansas Regional Unit, ADC; Richard Todd Ball, Deputy Warden, East Arkansas Regional Unit, ADC; Dexter Payne, Deputy Warden, East Arkansas Regional Unit, ADC; Steve Outlaw, Former Deputy Warden, East Arkansas Regional Unit, ADC; Essie Clay, DHO, Arkansas Department of Correction; Minnie L. Drayer, DHO, Arkansas Department of Correction; Lahan Ester, Former DHO, Arkansas Department of Correction; Justine Minor, DHO, Arkansas Department of Correction; Curtis Rolfe, Former DHO, Arkansas Department of Correction; Lorie Taylor, DHO, Arkansas Department of Correction; Jeremy C. Andrews, Chief Security Officer, East Arkansas Regional Unit, ADC; DeAngelo M. Earl, CSO, East Arkansas Regional Unit, ADC; Clinton Wade Hall, CSO, East Arkansas Department of Correction; Clarence Kelley, CSO, East Arkansas Regional Unit, ADC; Maurice Williams, CSO, East Arkansas Regional Unit, ADC; Moses Jackson, Captain, East Arkansas Regional Unit, ADC; Wallace MacNary, Captain, East Arkansas Regional Unit, ADC; Janice Gray, Law Library Supervisor, East Arkansas Regional Unit, ADC; Derrick Harris, Corporal, Arkansas Department of Correction,

*Defendants - Appellees*.

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

_____

Submitted: February 27, 2015
Filed: April 8, 2015

_____

Before COLLOTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Arkansas prisoner Christopher Deaton appeals the district court's[1] dismissal of his pro se 42 U.S.C. § 1983 complaint asserting violations of his constitutional rights and rights under the Religious Land Use and Institutionalized Person Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc *et seq.* The district court dismissed the complaint partially under 28 U.S.C. § 1915A and partially on summary judgment. We affirmed the judgment, but then granted rehearing in light of *Holt v. Hobbs*, 135 S. Ct. 853 (2015), and appointed counsel for Deaton to address Deaton's claims under RLUIPA in light of *Holt*.

Since then, Deaton has advised the court through counsel that his claim for injunctive relief under RLUIPA is moot, because he has shaved his beard and has no present intent to re-grow it, and because Arkansas has changed its grooming policy to allow inmates to grow beards of any length. Deaton's claims for damages against the State (including official-capacity claims against corrections officials) are barred by sovereign immunity. *Sossamon v. Texas*, 131 S. Ct. 1651 (2011). Even assuming

_____

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas, adopting the reports and recommendations of the Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas.

for the sake of analysis that RLUIPA authorizes claims for money damages against officials in their individual capacities, *but see, e.g.*, *Haight v. Thompson*, 763 F.3d 554, 567-70 (6th Cir. 2014), the officials here are entitled to qualified immunity in light of *Fegans v. Norris*, 537 F.3d 897 (8th Cir. 2008), and we may recognize that defense in reviewing the district court's preservice dismissal. *See Maness v. Dist. Court of Logan County-Northern Div.*, 495 F.3d 943, 944-45 (8th Cir. 2007) (per curiam).

In light of the foregoing, we granted appointed counsel's motion to withdraw. Deaton's claim for injunctive and declaratory relief from the grooming policy based on the First Amendment is also moot. Upon careful de novo review of Deaton's remaining claims, we find no basis for reversal. *See Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (standard of review for § 1915A dismissal); *Seltzer-Bey v. Delo*, 66 F.3d 961, 963 (8th Cir. 1995) (standard of review for summary judgment). Accordingly, we dismiss Deaton's appeal in part as moot and otherwise affirm the judgment of the district court. *See* 8th Cir. R. 47B.

_____