# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2988
_____

Moirsche Terrell Sibley

*Plaintiff - Appellant*

v.

Christa Rutherford, in her individual and official capacity; Nick Grundhouser, Badge #4615, in his individual and official capacity; Minnesota Court of Appeals; Minnesota Judicial Branch; Minnesota State Patrol, District 2000; John Does 1-10

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: February 12, 2026
Filed: February 18, 2026
[Unpublished]
_____

Before LOKEN, SMITH, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Moirsche Sibley appeals following the district court's[1] dismissal of his civil rights action for lack of subject matter jurisdiction and failure to state a claim. Upon careful de novo review, we affirm. See Rush v. State Ark. DWS, 876 F.3d 1123, 1125 (8th Cir. 2017) (standard of review).

We agree with the district court that Sibley could not pursue official-capacity claims for damages against the Minnesota Court of Appeals, the Minnesota Judicial Branch, Minnesota State Patrol--District 2000, Christa Rutherford, and Nick Grundhauser; moreover, the operative complaint did not allege an ongoing violation of federal law or seek prospective injunctive relief. See McDaniel v. Precythe, 897 F.3d 946, 951-52 (8th Cir. 2018); Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997). Regarding the individual capacity claim against Rutherford, the district court correctly concluded that she was entitled to absolute quasi-judicial immunity, as her conduct involved a discretionary task. See Hamilton v. City of Hayti, 948 F.3d 921, 928 (8th Cir. 2020). We further affirm the dismissal of Sibley's individual capacity claims against Rutherford and Grundhauser on the alternative ground that Sibley did not allege facts sufficient to show he suffered an actual injury as a result of his inability to file an interlocutory appeal. See Lewis v. Casey, 518 U.S. 343, 349-51 (1996); see also Buckley v. Ray, 848 F.3d 855, 865 (8th Cir. 2017); Maness v. Dist. Ct. of Logan Cnty.-N. Div., 495 F.3d 943, 945 (8th Cir. 2007). Finally, to the extent Sibley intended to appeal the dismissal of his action under 42 U.S.C. § 1985, he neither stated a viable constitutional claim, nor alleged any meeting of the minds to support a conspiracy claim. See Crutcher-Sanchez v. Cnty. of Dakota, 687 F.3d 979, 987 (8th Cir. 2012).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

-2-