WAYNE ALEXANDER TRUST, Wayne Alexander, Trustee *v.*
CITY of BENTONVILLE

01-633                                                     47 S.W.3d 262

Supreme Court of Arkansas
Opinion delivered June 7, 2001[1]

---

[1] Reporter's note: This opinion was not made available to the office of the

*Jay Carol Miner, Timothy Monroe Weaver,* and *Charles M. Kester,* for appellant.

*Camille Steadman Thompson,* for appellee.

PER CURIAM. Appellant, Wayne Alexander Trust, Wayne Alexander, Trustee, appeals from a Benton County Circuit Court order approving Bentonville Municipal ordinance 94-63 ordering the condemnation of seven structures in Bentonville. Appellant requested that the circuit court stay execution of its order until he had an opportunity to file an appeal with our court. The circuit court denied appellant's request. Appellant now files a motion in our court requesting an emergency motion for a stay of the Benton County order until we have considered the matter on appeal. Because the City of Bentonville has started the process of destroying the structures that were in issue in Bentonville Municipal ordinance 94-63, appellant also requests that we give expedited consideration to his motion to stay.

Appellant requests that we stay the Benton County order pursuant to Rule 8 of the Arkansas Rules of Appellate Procedure—Civil. That rule in relevant part states:

(a) *Supersedeas defined; necessity.* A supersedeas is a written order commanding appellee to stay proceedings on the judgment, decree or order being appealed from and is necessary to stay such proceedings.

(b) *Supersedeas; by whom issued.* A supersedeas shall be issued by the clerk of the court which rendered the judgment, decree or order being appealed from unless the record has been lodged with the appellate court in which event the supersedeas shall be issued by the clerk of the appellate court.

(c) *Supersedeas bond.* Whenever an appellant entitled thereto desires a stay on appeal, *he shall present to the court for its approval a supersedeas bond which shall have such surety or sureties as the court requires.* The bond shall be to the effect that appellant shall pay to appellee all costs and damages that shall be affirmed against appellant on appeal; or if appellant fails to prosecute the appeal to a final conclusion, or if such appeal shall for any cause be dismissed, that appellant shall

satisfy and perform the judgment, decree or order of the trial court.

*Id.* (emphasis added).

Appellant has filed a partial record with our court. However, we note that appellant has failed to file a supersedeas bond. Accordingly, without reaching the merits of appellant's request, we must deny his motion to stay the circuit court's order.

Motion to stay denied.