## Teresa DAVIS *v.* Corliss M. WILLIAMSON

03-399                                            114 S.W.3d 216

Supreme Court of Arkansas
Opinion delivered May 15, 2003

*Vandell Bland, Sr.,* for appellant.

*Quattlebaum, Grooms, Tull & Burrow, PLLC,* by; *John E. Tull, III* and *E.B. Chiles IV,* for appellee.

P ER CURIAM. Appellant Teresa Davis, by and through her attorney Vandell Bland, Jr., has filed a motion for rule on the clerk. We deny the motion.

On September 11, 2002, the Washington County Circuit Court entered a final judgment in this case. On October 9, 2002, Bland filed a notice of appeal naming the opposing party, Corliss Williamson, as Bland's client and purporting to appeal on Williamson's behalf. Two days later, apparently realizing his mistake, Bland filed an amended notice of appeal on October 11, 2002, this time correctly naming Davis as his client and as the appealing party.

On January 7, 2003, Bland faxed to the trial court a motion to extend the time to file the transcript. That same day, the trial court held a telephone conference with counsel for Williamson. Bland had represented to the trial court that he would be available for the conference call, but was not in attendance. The trial court subsequently granted Bland's motion for extension of time, giving him until April 9, 2003, to have the transcript completed and filed with the supreme court clerk. However, the trial court's order was not entered until the next day, January 8, 2003, which was ninety-one days after the filing of the first notice of appeal on October 9, 2002.

Under Ark. R. App. P.—Civ. 5(b), any order extending the time to complete the transcript "must be entered before the expiration of the period for filing as originally pre-scribed"; under Rule (a), this is "ninety days from the filing of the first notice of appeal." Although Bland blames the trial court for not entering the order until the ninety-first day, "it is the duty of counsel, not the judge, not the clerk, not the reporter, to perfect an appeal." *Perry v. State*, 287 Ark. 384, 699 S.W.2d 739 (1985) (*per curiam*); *Finley v. State*, 281 Ark. 38, 661 S.W.2d 358 (1983). Any extension must be filed within the specified time. *Christopher v. Jones*, 271 Ark. 911, 611 S.W.2d 521 (1981). It was Bland's responsibility to see to it that all orders were timely filed.[1] He failed in that responsibility, and for that reason, the motion for rule on the clerk must be denied.

CORBIN, J., not participating.

---

[1] Also, Williamson's counsel points out that, besides Mr. Bland's failure to participate in the telephone conference, held so that the trial court could rule on Bland's motion which was faxed and received by the court on January 7, Davis's attorneys in the trial court are not her attorneys on appeal. Since those trial attorneys are located in northwest Arkansas, they could have been asked to file the court's extension order immediately after the judge signed it.