Johnny F. HARRIS *v.* BOYD G. MONTGOMERY TESTAMENTARY TRUST

07-324                                                         262 S.W.3d 145

Supreme Court of Arkansas
Opinion delivered September 13, 2007

---

Appellant, pro se.

No response.

PER CURIAM. This case began as an unlawful detainer on June 6, 2005, concerning the property at 5200 South University in Little Rock. Harris leased the property on November 1, 2004, but failed to pay the monthly rent. On April 28, 2005, Appellee Boyd G. Montgomery Testamentary Trust ("the Trust") gave notice of termination of the lease as of May 31, 2005. Harris refused to vacate and filed for relief in bankruptcy on June 23, 2005.

On August 4, 2005, in the United States Bankruptcy Court for the Eastern District of Arkansas (the "Bankruptcy Court"), the Trust filed a motion for relief from an automatic stay. The motion was granted on September 8, 2005. Harris appealed to the Bankruptcy Appellate Panel of the United States Eighth Circuit Court of Appeals ("the Bankruptcy Panel"). The Bankruptcy Panel upheld the Bankruptcy Court, and the Eighth Circuit appellate court upheld the Panel.

During the pendency of the bankruptcy appeal, Harris continued to file pleadings in the Bankruptcy Court, including a motion to stay, an amended motion to stay, an application to determine the real party in interest, and a motion to set aside the order granting relief from the stay. The Bankruptcy Court denied each of those motions, including Harris's motion for reconsideration.

On June 22, 2006, Harris filed an adversary proceeding with the Bankruptcy Court styled "Motion for Contempt or Whatever Title is Proper." The Trust filed a motion to dismiss, which was

granted on December 27, 2006. Both the denial of the motion for reconsideration and the order of dismissal, dated December 27, 2006, were affirmed by the Bankruptcy Panel, and Harris's appeal to the Eighth Circuit is pending.

In an order dated March 20, 2007, denying Harris's motion for contempt and motion for relief, the Bankruptcy Court ordered Harris to appear and show cause why sanctions should not be imposed. On April 17, 2007, the court imposed sanctions.

An unlawful detainer action proceeded after the stay in bankruptcy was lifted. Judgment was entered for the Trust.

The record was lodged with our court on March 30, 2007, and briefing commenced. On May 24, 2007, a writ of certiorari was granted to complete the record. On June 28, 2007, Harris was notified by letter order that we granted a final extension, moving the due date of the supplemental brief to July 13, 2007. On July 9, 2007, Harris filed a motion to stay all proceedings and argued a defect in service. Harris claimed that because the summons was served by a process server and not a sheriff or deputy, the circuit court had no jurisdiction.

On July 13, 2007, the supplemental record was filed in addition to a motion to file belated brief in which Harris argued that the circuit court failed to timely prepare the record. Harris attached a letter from the circuit clerk stating that no order from our court granting the motion for supplemental record was given to the transcript clerk, thereby preventing the clerk from filing the certified supplement in a timely manner. The circuit clerk also stated that the record was ready on July 13, 2007, at 2 p.m.

With regard to the motion to stay, the Trust argues that the circuit court granted the stay conditioned upon Harris's posting a $12,000 bond by March 31, 2007. Harris failed to post the bond. The Trust cites Rule 8 of the Arkansas Rules of Appellate Procedure–Civil, which provides for a stay only upon the filing of a supersedeas bond. The Trust argues that the failure to post bond supports denying the stay.

In addition to the requirements of Ark. R. App. P.–Civ. 8, we have held that the failure to file a supersedeas bond with the motion for a stay of a circuit court's order supports denying the motion without consideration. *Wayne Alexander Trust v. City of Bentonville*, 345 Ark. 577, 47 S.W.3d 262 (2001). Because the supersedeas bond is a threshold requirement, which was not met in this case, we deny the motion to stay.

■ With regard to the motion for belated brief, we granted the motion on June 28, 2007, extending by fifteen days to July 13, 2007. Because July 13, 2007, was the final deadline set by this court, the motion is denied. Our law imposes a duty on lawyers and litigants to exercise reasonable diligence to keep up with the status of their case. *Arnold v. Camden News Publishing Co.*, 353 Ark. 522, 110 S.W.3d 268 (2003). Further, we have stated that pro se appellants receive no special consideration of their argument and are held to the same standard as licensed attorneys. *See Eliott v. State*, 342 Ark. 237, 27 S.W.3d 432 (2000). Thus, it was Harris's responsibility to see that the order of this court was filed timely and to get the record and brief timely filed. Harris failed to meet this court's deadline after several extensions. Thus, the motion for belated brief is denied.

Motion to stay order pending appeal denied; motion for belated brief denied.