Eugene E. LASECKI *v.* Casey D. SANDERS
and Zurich Specialties of London, Ltd.

07-1078                                                     277 S.W.3d 600

Supreme Court of Arkansas
Opinion delivered February 28, 2008

*Frederick S. "Rick" Spencer,* for appellant.

*Barber, McCaskill, Jones & Hale,* P.A., by: *John S. Cherry, Jr.,* and
*Scott M. Strauss,* for appellee Zurich Specialties of London, Ltd.; and
*Everett & Wales,* by: *Christy Comstock,* for appellee Casey D. Sanders.

PER CURIAM. Appellees Casey D. Sanders and Zurich Spe-
cialities of London, Ltd., by and through their respective
attorneys, Christy Comstock and John S. Cherry, Jr., have filed a joint
motion for reconsideration of this court's decision to grant Appellant
Eugene E. Lasecki's motion to file belated brief. As a basis for this
motion, Appellees contend that the motion for belated brief should
have been denied for the simple reason that it was never served on
them, and the motion wrongly stated that Appellees were not op-
posed to the motion. As Appellees point out, it is necessary to review
what has occurred in this case since Appellant lodged the record in this
court on October 16, 2007.

On November 26, 2007, Appellant was granted a seven-day
extension of time in which to file his brief. On December 3, 2007,
the date Appellant's brief was due, Appellant filed a second motion
for extension of time, which we granted. At that time, we gave

Appellant a thirty-day extension of time to file his brief, thus setting the new due date for January 2, 2008. Again unable to meet the brief deadline, Appellant's counsel, Frederick S. "Rick" Spencer, approached Appellees' counsel indicating his intent to file another motion for an extension of time. This third motion for extension of time was not timely filed prior to the January 2 deadline; however, Mr. Spencer contends this was through no fault of his own because he had sent the motion on December 30, 2007, using the United Parcel Service next-day air service, and UPS failed to deliver the package by the January 2 guaranteed arrival date.

On January 7, 2008, Appellant, by and through Mr. Spencer, filed an "Unopposed Motion to File Belated Brief" with this court. In that motion, Appellant requested a fourteen-day extension to file his brief because of UPS's failure to deliver the motion for extension on time.[1] Most importantly, the motion indicated that it was *unopposed*, and that Mr. Spencer had contacted Appellees' attorneys who "graciously had no objection to a thirty [30] day extension of time to file the Appellant's Abstract and Brief." Mr. Spencer then signed the motion, including the certificate of service stating:

> This will certify that a copy of the foregoing was deposited in the United States Mail with proper postage affixed thereto and sent to all attorneys of record at their proper business addresses on this the 4th day of January, 2008.

On January 23, 2008, Appellee Zurich's counsel filed a response in opposition to Appellant's motion, but the response was deemed untimely. Upon review, we granted Appellant's "unopposed" motion to file belated brief on January 24, 2008. Subsequent to our decision to grant the motion, Appellee Sanders also filed a response in opposition to the motion.[2]

On January 29, 2008, the present motion for reconsideration was filed with this court. In this motion, Appellees argue not only

---

[1] This motion also noted the Mr. Spencer was very busy with other workers' compensation and personal injury cases, as well as that it was the Christmas season and he was taking a trip to Florida with his family and would not be able to file the brief within the normal seven-day extension period.

[2] Both Appellees state that they only learned of Appellant's motion after checking the status of the case on the electronic docket.

was the motion opposed, but also they had not been served with the motion as reflected by the certificate of service signed by Mr. Spencer. Appellant did not respond to this motion, and it was only after we made a specific request to do so that one was received. In Appellant's response, he claims that a paralegal had sent the motion for belated brief by postal mail and that Appellees had been asked if they would have any objection to an extension of the filing date of the brief. Specifically, Mr. Spencer sets forth that immediately upon Appellees' approval of the extension,

> Appellant filed the Motion to file Belated Brief and assumed that since Appellees had no objection to the extension of time to file the Brief, they would have no objection to the filing of the Appellant's Motion to File Belated Brief since Appellant was not asking for any more time than had been discussed with the Appellees, and was only changing the pleadings from a Motion for Extension of time to a Motion to File Belated Brief because of the delay caused by the United Parcel Service[.]

The matter is now before this court to decide.

At the outset, we must note that a motion for an extension of time is an entirely different pleading than a motion for belated brief. Furthermore, even though Appellees were approached about an extension of time, this was done prior to the date Appellant's brief or a motion for extension of time were due. It is undisputed that Appellees were never contacted regarding the motion for belated brief, and that Appellant's counsel merely assumed that they would not be opposed to the motion for belated brief. This assumption was not only erroneous, it led to Appellant's misrepresentation to this court that Appellees were unopposed to the motion for belated brief.

While this court regularly grants motions for belated briefs in criminal cases, we are reluctant to do so in civil cases without a showing of cause, especially in situations where we have already granted multiple extensions of time. We have made it clear that our law imposes a duty on lawyers and litigants to exercise reasonable diligence to keep up with the status of their case. *See Harris v. Boyd G. Montgomery Testamentary Trust,* 370 Ark. 518, 262 S.W.3d 145 (2007); *Arnold v. Camden News Publ'g Co.,* 353 Ark. 522, 110 S.W.3d 268 (2003). In this case, we relied upon Appellant's statement that the motion for belated brief was unopposed by Appellees in our decision to grant the motion. Now, based upon

the pleadings before us, we are convinced that the reliance was misplaced and that our decision was erroneous. Accordingly, we grant Appellees' joint motion for reconsideration and deny Appellant's motion for belated brief.

Finally, we are gravely concerned with the actions of Appellant's counsel in this case; specifically, the fact that Mr. Spencer entitled the motion as unopposed when it was not. Based upon the foregoing, we refer the matter to the Supreme Court Committee on Professional Conduct.

Joint motion for reconsideration granted; motion to file belated brief denied.