Eugene E. LASECKI *v.* Casey D. SANDERS
and Zurich Specialties of London, Ltd.

07-1078                                                              282 S.W.3d 751

Supreme Court of Arkansas
Opinion delivered April 10, 2008

PER CURIAM. Now before us is Appellant's motion to reconsider striking Appellant's brief from the record. On February 28, 2008, this court granted Appellees' joint motion for reconsideration of Appellant's motion to file belated brief, and then denied Appellant's motion to file belated brief. *Lasecki v. Sanders*, 372 Ark. 515, 277 S.W.3d 600 (2008) (per curiam) (*Lasecki I*). In denying the motion to file belated brief, we held that our previous decision to grant Appellant's motion was erroneous due to our reliance upon Appellant's misrepresentation that the motion was unopposed. Specifically, we explained as follows:

> [A] motion for an extension of time is an entirely different pleading than a motion for belated brief. Furthermore, even though Appellees were approached about an extension of time, this was done prior to the date Appellant's brief or a motion for extension of time were due. It is undisputed that Appellees were never contacted regarding the motion for belated brief, and that Appellant's counsel merely assumed that they would not be opposed to the motion for belated brief. This assumption was not only erroneous, it led to Appellant's misrepresentation to this court that Appellees were unopposed to the motion for belated brief.

> While this court regularly grants motions for belated briefs in criminal cases, we are reluctant to do so in civil cases without a showing of cause, especially in situations where we have already granted multiple extensions of time. We have made it clear that our law imposes a duty on lawyers and litigants to exercise reasonable diligence to keep up with the status of their case.

*Id.* at 517, 372 S.W.3d at 602 (citations omitted).

In his motion for reconsideration, Appellant not only continues to refer to his motion for belated brief as "unopposed," but also maintains that Appellees consented to the extension of time. However, unlike his previous statement that he assumed there would be no opposition to the motion for belated brief, Appellant and his counsel, Frederick S. "Rick" Spencer, now argue that there was no misrepresentation of actual consent; nor was Appellees' consent qualified. We are again unpersuaded by Appellant's arguments, and he has failed to meet his burden of demonstrating that there was some error of fact or law in the present decision that would merit reconsideration of the denial of the motion for belated brief. For the same reasons we set forth in

*Lasecki I*, we reject these arguments and again note that there is a difference between a request for an extension of time and a request to file a belated brief.

We take this opportunity to note that we are again concerned with possible misrepresentations by Appellant's counsel. In his discussion of the above "actual consent" argument, Spencer sets forth that he personally requested and received consent of both Appellees' counselors, including Christy Comstock. Specifically, Spencer states that "Ms. Comstock gave her consent the day or the day after he arrived in Florida and after he filed the Partially Unopposed Motion for Extension." In Appellee Casey S. Sanders's response to the present motion, Comstock states that Spencer has again misrepresented the facts in saying that "he contacted [her] by telephone on either December 31 or January 1" because these are days Comstock's office was closed and she was away from the office. She further states that Appellant's counsel did not, in fact, contact her before January 2, 2008. Based upon the foregoing, we refer the matter to the Committee on Professional Conduct.

Additionally, Appellant's argument that it is unfair to strike his brief is without merit. First and foremost, it has been established that there is no merit to the contention that dismissal of an appellant's claim because of his attorney's unexcused conduct is unfair or is an unjust penalty on the appellant. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Florence v. Taylor*, 325 Ark. 445, 928 S.W.2d 330 (1996). Frankly, Appellant " 'voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.' " *Florence*, 325 Ark. at 451, 928 S.W.2d at 333 (quoting *Link*, 370 U.S. at 633-34).

Second, the responsibility to perfect an appeal rests solely with an appellant or appellant's counsel and not with any other person. *See Davis v. Williamson*, 353 Ark. 225 114 S.W.3d 216 (2003) (per curiam); *Sullivan v. State*, 301 Ark. 352, 784 S.W.2d 155 (1990) (per curiam). Here, Appellant and his counsel contend that we would not be faced with the issue of filing a belated brief because his "partially unopposed motion to extend the time for filing the brief" would have been timely if (1) the United Parcel Services had delivered the motion as guaranteed; (2) this court, like the federal court system, had electronic filing; and (3) Spencer lived in Little Rock, Arkansas, and did not have a six-hour round trip drive to make a personal delivery of the

motion. Not only are these reasons unpersuasive, but they fly in the face of our well-established principle that the responsibility of perfecting an appeal lies with an appellant and his counsel. Moreover, as we stated in *Lasecki I*, we will not grant a motion for belated brief in a civil case without a showing of good cause. Again, Appellant has failed to demonstrate good cause, which would warrant a filing of a belated brief. Accordingly, and for the reasons set forth in *Lasecki I*, we deny Appellant's motion.

Motion for reconsideration denied.