SLIP OPINION

Cite as 2015 Ark. 267

# SUPREME COURT OF ARKANSAS

No. CV-15-384

| | |
|---|---|
| TOMMY MARTEZ BARBER<br>PETITIONER<br><br>V.<br><br><br>STATE OF ARKANSAS<br>RESPONDENT | Opinion Delivered June 4, 2015<br><br>PRO SE MOTION FOR BELATED APPEAL<br>[HOT SPRING COUNTY CIRCUIT COURT, NO. 30CV-14-236]<br><br>MOTION DENIED. |

**PER CURIAM**

In 2014, petitioner Tommy Martez Barber filed a pro se petition for writ of habeas corpus in the circuit court in Hot Spring County where he was incarcerated.[1] The circuit court denied the petition, and no timely appeal was taken.[2] Barber now seeks leave to proceed with a belated appeal.

In the motion for belated appeal, Barber alleges that he did not receive notice of the January 15, 2015 order denying habeas relief until January 22; that, on January 26, he was placed in punitive isolation; that he requested a form notice of appeal from the program coordinator at the Ouachita Regional Correctional Unit and that request was denied; and that he filed a formal grievance because he was denied access to the prison law library. Barber further contends that his March 4 notice of appeal should be considered timely, and he requests

---

[1]As of the date of this opinion, Barber remains incarcerated in Hot Spring County.

[2]Barber filed an untimely notice of appeal on March 4, 2015, from the January 15, 2015 order and proceeded to tender the appeal record to the clerk of this court. The clerk declined to lodge the record, however, on the ground that the appeal record did not contain a timely notice of appeal.

SLIP OPINION

permission to proceed with the appeal.

A petitioner has the right to appeal a ruling on a petition for postconviction relief, which includes the denial of a petition for writ of habeas corpus. *Scott v. State*, 281 Ark. 436, 664 S.W.2d 475 (1984). With that right, however, goes the responsibility to file a timely notice of appeal within thirty days of the date the order was entered in accordance with Arkansas Rule of Appellate Procedure–Civil 4(a) (2014). If the petitioner fails to file a timely notice of appeal, a belated appeal will not be allowed absent a showing by the petitioner of good cause for the failure to comply with proper procedure. *Garner v. State*, 293 Ark. 163, 655 S.W.2d 637 (1987). Neither the fact that a petitioner is proceeding pro se or is incarcerated in itself constitutes good cause for the failure to conform to the prevailing rules of procedure. *Walker v. State*, 283 Ark. 339, 676 S.W.2d 460 (1984).

As for Barber's claim that he did not receive notice of the order of denial until seven days after it was entered of record, that fact in itself does not constitute good cause for Barber's failure to follow procedure. Unlike the denial of a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2013), there is no absolute duty imposed on a judge or clerk to notify a petitioner that a petition for writ of habeas corpus has been denied. *McClain v. Norris*, 2009 Ark. 428 (per curiam); Ark. Code Ann. §§ 16-112-101 to -123 (Repl. 2006). Our law imposes a duty on lawyers and litigants to exercise reasonable diligence to keep up with the status of their case. Pro se appellants receive no special consideration of their argument and are held to the same standard as licensed attorneys. *Harris v. Boyd G. Montgomery Testamentary Trust*, 370 Ark. 518, 521, 262 S.W.3d 145, 146 (2007) (citing *Arnold v. Camden News Publishing Co.*, 353

SLIP OPINION

Ark. 522, 110 S.W.3d 268 (2003); *Eliott v. State*, 342 Ark. 237, 27 S.W.3d 432 (2000)).

As for Barber's remaining allegations that, due to disciplinary actions and grievances filed with the ADC, he was unable to obtain the proper forms to file a timely notice of appeal, we have repeatedly held that it is not the responsibility of the circuit clerk, or anyone other than the party desiring to appeal, to perfect the appeal. *Sullivan v. State*, 301 Ark. 352, 784 S.W.2d 155 (1990).

As it was Barber's duty to file a timely notice of appeal, and he has not established good cause for his failure to do so, the motion for belated appeal is denied.

Motion denied.