SLIP OPINION

Cite as 2015 Ark. 355

# SUPREME COURT OF ARKANSAS

No. CV–15–798

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE<br><br>APPELLANT<br><br>V.<br><br>HUBERT BASS<br><br>APPELLEE | **Opinion Delivered** October 2, 2015<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CV-2010-757]<br><br>HONORABLE VICTOR L. HILL, JUDGE<br><br>MOTION TO STAY DENIED WITHOUT PREJUDICE. |

**PER CURIAM**

On September 29, 2015, appellant, the National Association for the Advancement of Colored People ("NAACP"), filed a motion for expedited stay pending appeal and its brief in support requesting that we stay all proceedings on the judgments entered by the Crittenden County Circuit Court on September 2, 2015, and September 8, 2015.[1]  Previously, on September 18, 2015, the NAACP filed a motion for order staying execution and approval of application for supersedeas bond in the circuit court and the circuit court has not ruled on that motion.  On the same day, September 18, 2015, pursuant to Rule 3(b) of the Arkansas Rules of Appellate Procedure, the NAACP filed its notice of appeal.  Appellee, Hubert Bass, timely responded to the NAACP's motion for expedited stay in this court.  The NAACP requests

---

[1]The record demonstrates that these judgments may be executed upon on October 2, 2015.

that we stay the Crittenden County Circuit Court's orders pursuant to Rule 8 of the Arkansas Rules of Appellate Procedure–Civil (2014). The rule provides in pertinent part:

> (a) Supersedeas Defined; Necessity. A supersedeas is a written order commanding appellee to stay proceedings on the judgment, decree or order being appealed from and is necessary to stay such proceedings.
>
> (b) Supersedeas; by Whom Issued. A supersedeas shall be issued by the clerk of the circuit court that entered the judgment, decree or order being appealed from unless the record has been lodged with the appellate court in which event the supersedeas shall be issued by the clerk of the appellate court.
>
> (c) Supersedeas Bond.
>
> 1. *Whenever an appellant entitled thereto desires a stay on appeal, he shall present to the court for its approval a supersedeas bond which shall have such surety or sureties as the court requires.* The bond shall be to the effect that appellant shall pay to appellee all costs and damages that shall be affirmed against appellant on appeal; or if appellant fails to prosecute the appeal to a final conclusion, or if such appeal shall for any cause be dismissed, that appellant shall satisfy and perform the judgment, decree or order of the circuit court. However, the maximum bond that may be required in any civil action under any legal theory shall be limited to twenty-five million dollars ($25,000,000), regardless of the amount of the judgment.

(Emphasis added.)

On September 29, 2015, with its motion to stay, the NAACP filed a partial record in this court. *See, e.g., Thomas v. Hall*, 2012 Ark. 66, 399 S.W.3d 387. However, we note that the NAACP has failed to present to the court for its approval a supersedeas bond. "[T]he failure to file a supersedeas bond with the motion for a stay of a circuit court's order supports denying the motion without consideration." *Harris v. Boyd G. Montgomery Testamentary Trust*, 370 Ark. 518, 520, 262 S.W.3d 145, 146 (2007) (citing *Wayne Alexander Trust v. City of Bentonville*, 345 Ark. 577, 47 S.W.3d 262 (2001)). Because the supersedeas bond is a threshold requirement for this court to act, which has not yet been met in this case, we are

unable to consider the motion and must deny the motion to stay. *Id.*; *see* Ark. R. App. P.–Civ. 8(b).

Motion to stay denied without prejudice.

DANIELSON, J., concurs.